Opinion of the Court,
bx Judge Mills,
THIS case presents the question, whether the sale or transfer of a slave in contest, was absolute, or whether was intended as a mortgage. The bill of sale, as it is termed, is absolute upon its face, and contains no expression from which a'condition can'be implied. The a^eSes’ that at the time he borrowed of the defendant in chancery, two hundred and forty-nine dollars, for forty-nine of which he gave his note, on which the defendant has got a judgment enjoined by the bill, aiJd for the remaining two hundred he pledged the slave in question, and gave the bill of sale, under the full understanding and agreement that the slave was to be redeemed in one month thereafter. The answer insists on the bill of sale, denies the mortgage, admits the loan of forty-nine dollars, and relies on the bill of sale as ab-so]u[e on jts face. This brings on a controversy of fact, the circumstances ot which we need not recite, bumce it to say, that to our minds the parol proof, together orthe circumstances attendant upon the transaction, preponderates in favor of a loan of the whole money, and that the negro was to be redeemable in one month, ora short period, thereafter.
a^so charged in the bill, and not denied by the answer, that the defendant sold the slave shortly after-wards, in parts out of this state, and received for her a greater amount than that for which she was either sold or mortgaged, and the bill prays that the defendant may be compelled to account for the residue of her value, or the price at which she sold, after the two hundred dollars are deducted, and that so much of it may be set-off against the forty-nine dollars.
The circuit court dismissed the bill with costs, and to reverse that decree this writ of error is prosecuted.
After this statement of the case, it is evident that the complainant below, now plaintiff in error, is entitled to relief, unless some legal bar is presented to his recovery. It is insisted that the complainant had a plain and adequate remedy at law, and therefore ought not to *75 have brought his bill. Whether such remedy at law does or does not exist, there can be no doubt of the jurisdiction of the chancellor over the matter; for a bill to redeem, is properly the subject of chancery jurisdiction, and the act of the defendant in selling and transporting the slave, instead of keeping her for the purpose of redemption, could not oust that jurisdiction and take the hand of the chancellor from the subject. Besides, the forty-nine dollars are not yet paid, and if that sum and the two hundred constitute the consideration of the contract on one side, the chancellor might interfere, to relieve against that amount.
The question must rest upon the inquiry, whether, under the circumstances of this case, the parol proof of what was the real contract between the parties, or parol proof changing the absolute transfer into a mortgage, is admissible. Such proof has been admitted, tp enable the court of chancery to decide between a mortgage and conditional sale, and instances may not be wanting, of such proof beirig admitted to convert absolute sales into mortgages; but whether the admission of such proof can be sustained on principle, is an inquiry worthy of our attention. That such proof is admissible, in cases where it is first 'shown that the deed <or writing was drawn different from what was intended, by mistake or fraud, or was executed under circumstances where the free agency of the grantor was controlled, or where it is usurious, as the statute against usury admits such proof, or under any previous circumstance, which may legitimately lay a foundation for, or open the door to such testimony, cannot be doubted; but whether it is admissible in every case, and may be used to add to, or insert a condition in an absolute deed, by showing that such was the agreement and understanding at the time of its execution, but not inserted in the writing, is a different question. Upon examining the authorities on this subject, we find them not consistent with each other; for although most of them recognize the general principle, that parol evidence’ is not admissible to vary the written contract, yet courts have made so many exceptions to the rule, that they have, if all the cases are to be sustained, pared down the rule itself to scarcely the rank of an exception. Thus, slight admissions in an answer, not of the facts charged, but of some other matter, have been widened *76 into a door, at which the whole force of parol evidence may enter, and thus the danger of¿fraud and perjury is increased, and not prevented.
In this case, it is not alleged that the bill of sale was drawn differently from what was intended. The complainant well understood the nature of it, at the time, and alleges that it was given to gratify the defendant; but with the understanding and agreement, by the by, that the slave was to be redeemable. We, therefore, conceive that there is no circumstance which can lay a foundation for the admission of parol evidence, or warrant a departure from the principle, which we conceive applies to instruments of this kind, as well as to other written instruments. We cannot admit the principle, that parol evidence is admissible, of course, to convert a sale made absolute by written evidence, into a mortgage or conditional sale, and thus to alter, enlarge or destroy the effect of the writing. We adhere to the contrary principle, and must apply it here. Many cases may be found, to support the admissibility of such proof, and cases decided by this court, may have, sub silentio, went , on grounds different from those now taken, and others, arguendo, may have suggested the propriety of admitting such proof; but if such cases exist, we cannot help viewing them as aberrations from correct principle, and concluding that we had better depart from them, than violate a settled doctrine of the law, adopted from motives of great wisdom and sound policy, and matured by time and experience. Applying the doctrine to this case, it is conclusive against the right of the plaintiff in error, and his parol evidence must be disregarded.
Decree affirmed with costs.