Petition for a Re-hearing.
•Ocldber 25.
If the counsel for the defendant in error could be heard again, in opposition to the claim of the plaintiff for a decree in this cause, he believes he will be able to maintain, that, upon the case made out by the complainant’s bill and the proof in the case, he cannot be entitled to a decree.
The bill alleges that the complainant borrowed from the defendant ninety eight dollars, in Commonwealth Bank notes, which were to be re-paid, with eighteen per cent, interest; and that, to secure the re-payment of the money, the conveyance of the land was made to the defendant.
' It charges neither fraud nor mistake; and it is palpable, from the complainant’s own showing, that the deed was executed in strict conformity to the sense and agreement of the parties at the time.
It is not alleged when the money was loaned; or that any note or bond was given for its payment; or when the deed was made; and the deed itself is not exhibited. The answer affirms an absolute purchase of the land, and states the facts connected with it. But it charges that “ the statements of the bill as to the consideration on which the deed was based, are utterly falsef’ and it repeats, as it seems to the counsel, with sufficient emphasis, “that what the complainant says about the ninety eight dollars, usury &c., is falsef and charges that the “defendant purchased the land fairly and absolutely, without *299 such understanding or agreement as that alleged by the complainant.”
Such being the issue, the question is, is the complainant entitled to a decree ?
Without detaining the Court with a tedious argument in detail, the counsel for the defendant insist, that the cases of Morris vs. Morris, 2 Bibb, 311; Thompson vs. Patton, 5 Litt. 74; and Snelling vs. Utterback, 1 Bibb, 610, are conclusive of the question — whether the proof is sufficient to convert an absolute conveyance into a mortgage.
Whatever may be the rule adopted by other courts, this Court seems to adhere to the doctrine, that parol proof will not be admitted to vary or control the terms of a deed: and more especially such loose and unsatisfactory details of the declarations of the defendant, as this record presents. If the complainant obtains a decree, he must obtain it upon evidence which this Court has, in almost innumerable instances, pronounced, the weakest and most dangerous of any other recognized as competent in a court of justice.
See, also, Roberts on Frauds, 95, f. note; 1 Cruise's Digest, 471; Townshend vs. Strangroom, 6 Vesey, 328; Lord Irnham vs. Child, 1 Brown’s Ch. C., 92; Fonblanque’s Eq. last Am. Ed. 373, note.
But there is another point to which it is deeméd- important to call the attention of the Court.
If this bill be any thing, it is a bill to redeem; and if it be so regarded, there is a fatal defect, which must prevent a decree for the complainant.
The complainant makes no tender in his bill, of the money which he admits to be due, and no offer to pay the amount due, with costs.
It is certainly an essential part of a bill to redeem a mortgage, that it offer, in express terms, to pay the amount due, with costs. Beckman vs. Frost, 18 Johns. 560.
So Woodworth, J. in the same case, says: “On looking into precedents, it will be found that no fact is better established, than that the plaintiff,, who seeks redemption, must aver, that ‘ he is ready to pay what is due for principle and interest on the mortgage.’ It cam require *300 no argument to prove, that this is indispensable. How can the Chancellor decree a redemption without payment of what is due? It would be nugatory to make su(;k a decree, unless the plaintiff makes an offer of pay-
Any deed, or o-therwnting,how ever absolute upon its face —if given in fact to secure a usurious loan, may be im peached by parol proof.
The practice in this country, upon a bill to redeem, does not require a formal tender of the mo ney before suit, nor that it should be brought into court: an ofFer in the bill, to pay the money due, jg sufljoient; as the court will take care that the defend’t gets his money before he is divested ot his title or security'
*300 On a bill to redeem, further time for payment is not given. Brinckerhoff vs. Lansing, 4 Johns. Ch. R., 76.— Novosielski vs. Wakefield, 17 Vesey, 417.
The Chancellor in the former case said: “ The plaintiffs, who are owners of the equity of redemption, are, no doubt, entitled to redeem, but they are not entitled to delay. A motion to enlarge time for payment upon a bill to redeem, is new, and such a motion was refused by Lord Eldon, 17 Vesey, 417, where he observed that, in the bill to redeem, the plaintiff professes that his money is ready. He comes into Court, saying, ‘ here is the money — give me my estate.’ If then, the bill, in the present case, be viewed as a bill to redeem, the plaintiff must redeem forthwith.”
A re-hearing is respectfully asked.

J. T. Morehead.

Additional Opinion — ■
October 25.
Delivered by

Judge Ewing

in response to the petition.
In response to the petition of the learned counsel, it is sufficient barely to remark — first, that the cases cited do not apply. It is competent to impeach by parol proof, any deed, bond, bill, or other instrument, however absolute on its face, given to secure a usurious loan of money. And if such instruments could not be impeached by such testimony, the statute on that subject would be a dead letter, as such instruments would always be exacted by the lender, when usurious interest was reserved. Second. The bill proffers to re-pay the money borrowed and legal interest, which re-payment the Circuit Court is required, by the opinion, to exact of the complainant, as a precedent condition to his right to relief.
*301 A payment of the money in Court, is not required by the practice in this country. Nor would a formal tender of the money to the defendant, before suit brought, be required, as he claimed the property absolutely, and resisted all right of redemption. A tender, from the defence set up, would have been an useless act in this . n . i . t i r i i u case, if even in any case such lender beforehand could be required.
Wherefore, the opinion hitherto delivered in this case, must stand unaltered.