GRANT M. SPRAGUE ET AL., APPELLANTS, v. BRADFORD H. LOCKE ET AL., APPELLEES.

1. A DECREE AWARDING RESTITUTION IS A FINAL JUDGMENT.—In an action founded on a complaint for injunction and affirmative relief under the civil code, wherein it is alleged that the plaintiffs were ousted by the defendants, by force and violence from the possession of mining property, and its possession ever since withheld from them by fire-arms and threats of violence, a decree ordering restitution of the property to the plaintiffs is a final judgment from which an appeal will lie.

2. DECREE NOT INVALIDATED BY UNNECESSARY STATEMENTS OF COURT.—Where it appears from the record that a decree for affirmative relief was based on the allegations of the complaint and upon the evidence applicable to the issue joined thereon, the decree reciting that the court found all the material averments of the complaint to be true, it cannot be disturbed by reason of any statements made by the judge at time of pronouncing it on subjects outside those upon the consideration of which the decree was based.

*Appeal frow District Court of Gilpin County.*

Mr. J. McD. LIVESAY, for appellants.

Messrs. TELLER & ORAHOOD and Mr. E. W. HURLBUT, for appellees.

REED, J.    In 1880, parties acting under the name of the Decatur Silver Mining Company were in the possession of a certain lode in Russell Mining District, called the " Rover " Lode, and the surface ground appertaining to it, upon which they erected a shaft house, in which they placed steam hoisting and pumping machinery, which was used for working and mining the property. Work was prosecuted by the claimants from time to time until April or May, 1887, after which no actual possession was had by them until the present controversy arose, about the middle of March, 1889. In June, 1887, appellees entered upon the property, worked

and occupied it, (including the shaft house,) made application to enter it under the laws of congress, and on March 15, 1888, made the entry and secured the receiver's receipt at the local land office, remained in possession and prosecuted the working of the mine until in January, 1889, when work was suspended and the shaft house fastened up.    The property remained in this condition until about the middle of March, when appellants, by force or otherwise, entered the shaft house, took and retained possession of it from appellees, who were refused admittance by appellant, Engle, who maintained his possession with fire arms.

This action was brought by appellees to regain the possession of the shaft house, under sec. 159 of the Civil Code, page 146, Sess. Laws of 1887, as follows:

" The several district courts of the state, or any judge thereof, shall have, in addition to the power already possessed, power to issue writs of injunction for affirmative relief, having the force and effect of a writ of restitution, restoring any person or persons to the possession of any mining property or premises from which he or they may have been ousted by fraud, force or violence, or from which he or they are kept out of possession by threats, or by words or actions which have a natural tendency to excite fear or apprehension of danger, or whenever such possession was taken from him or them by entry of the adverse party on Sunday or legal holiday, or while the party in possession was temporarily absent therefrom ; the granting of such writ to extend only to the right of possession under the facts of the case in respect to the manner in which the possession was obtained, leaving the parties to their legal rights on all other questions as though no such writ had been issued."

The portion of the complaint necessary to be considered is the following:

" Said defendants, by force and violence, did enter into and upon said property, and did forcibly break and remove the locks and fastenings from the doors and windows of said building, and by force and violence did enter into the pos-

session thereof, and ever since and now do with force and violence withhold possession thereof from the plaintiffs. That plaintiffs, before the commencement of this action, have demanded possession of said property from said defendants, but they have refused and still refuse to deliver up the possession thereof. That the plaintiffs have been and are now kept out of the possession of said property by threats made against them by defendants, and by words and actions of said defendants which have a natural tendency to and do excite fear and apprehension of danger.

"That said defendants have declared their intention to hold possession of said premises by force and violence and at all hazards, and have ordered plaintiffs away from the same, and threaten them with personal violence if they come upon or about said premises."

An answer was filed putting in issue the allegations in the complaint—a large amount of testimony taken. There is no serious controversy in regard to the facts.

On the 22d day of May, 1889, a decree was entered in favor of appellees, the court having found, " that all the material allegations in plaintiff's complaint are true and fully proven, and that at the time alleged in said complaint the plaintiffs were in peaceable and quiet possession of the premises in the said complaint described, and that afterwards at the time in said complaint alleged the defendants wrongfully and unlawfully entered into the possession thereof and ousted the plaintiffs therefrom, and have ever since forcibly, unlawfully and wrongfully withheld the possession thereof from said plaintiffs; that according to law and equity the said plaintiffs are of right entitled to be reinstated in the possession thereof."

The first question presented in argument is, whether under the statute and civil code the judgment was final, and one from which an appeal would lie. We think the case was appealable under sec. 388, Civil Code. The only relief asked was a decree of restitution; the only question to be determined, the manner in which possession was obtained and held. With the decree ordering restitution and the

change of possession, the judgment was final. Nothing further could be done,—the powers of the court under the section of the code were exhausted. If there could be a question under sec. 388, Civil Code, there can be none under sec. 159, which specifically provides :

" That appeal, as in other cases, shall be allowed from any final order or decree granting an injunction under the provisions of this section."

The only other question presented is whether the finding and decree of the court was warranted by the evidence. Appellees were in the possession under a title from government. There appears some slight confusion between what was said by the court, in his remarks upon the case, and the final decree as made and entered. The decree is correct and must control. The suggestions or statements of the court in regard to the " temporary absence " of the respective parties at the times possession changed, were unnecessary. There is no such allegation in the complaint nor issue ; the action was based and brought on a preceding clause, restoring the possession to a party " from which he or they may have been ousted by fraud, force or violence or from which he or they are kept out of possession by threats, or by words or actions," etc. The allegation is based upon this clause, which is entirely separate and distinct, and separated by the disjunctive *or*, from subsequent clause in regard to temporary absence. The decree is right,—is not based upon temporary absence, and was warranted by the evidence, which fully established the wrongful entry and the retention of it by force and threats.

We do not gather from the record that the court found judicially and determined the question of temporary absence of appellees. No such finding is embraced in the decree ; if found it was unnecessary to a determination of the case, and will not be reviewed here. We express no opinion as to the duration of time that may be legally defined as temporary absence.

The decree of the district court is affirmed.

*Affirmed.*

ON PETITION FOR REHEARING.

REED, J.   An elaborate and very lengthy petition has been filed asking for a rehearing.   We have carefully examined it.   It is quite an able criticism from the writer's standpoint.

Counsel is in error in assuming and stating that the question of ownership was a factor in the disposition of the case in this court.   It is said in the opinion as statement of fact: " appellees were in the possession under a title from government," a fact established by the evidence.   Neither counsel for appellees nor this court based any right to recovery on the fact; nor is such fact again referred to in the decision of the case.   It is said in the opinion (pp. 4, 5): " The action was based and brought on a preceding clause, restoring the possession to a party *from which he or they may have been ousted by fraud, force or violence, or from which he or they are kept out of possession* by threats or by words or actions, etc. * * The decree is right * * * and warranted by the evidence, which fully established the wrongful entry and the retention of it by force and threats."   No further comment is needed. The decision was based upon these established facts alone, entirely regardless of title, or other legal considerations. Counsel complains at great length and insists that both the court below and this court ignored the issue made by the answer and replication,—" That appellees took possession of the property during the temporary absence of appellants," and the clause of the act providing, " that no such writ shall issue in favor of any person or persons to restore * * * possession of any mining property if the said person or persons shall have obtained or procured possession of said property * * * or by taking possession of the same while the adverse party in possession was temporarily absent therefrom."   Perhaps the court is amenable to that criticism, and that it should have given it more marked attention.   Neither the issue nor provision of the statute were overlooked, but it

was not supposed that counsel would seriously contend that that allegation of his answer was established by his evidence.

Take the statements of possession and occupation by appellants as made by counsel in his petition, and we have, " The company had actual possession *most of the time* from 1880 to about November 1, 1887; that about six months afterwards appellees took possession," etc. The statement is variant from the testimony of his witnesses, who show the last occupation of appellants or any person under them to have been in April or May, 1887, not November 1st. The testimony also shows the possession and occupation by appellees of the lode and mine in July of the same year, and of the shaft house and shaft, October, 1888. The preliminary advertising and proceedings were had and the entry made on the 20th day of March, 1889. The testimony thus establishes the fact that appellees had been in the quiet and undisturbed possession of the mining property some twenty-one months, and of the shaft house and shaft several months previous to the entry and eviction, and during that time there had been no assertion of ownership or right to the possession on the part of appellants. Circumstances point to an utter abandonment of the property early in the year 1887, but we do not wish to be understood as declaring an abandonment. We cannot construe an absence of twenty-one months as the " temporary absence " contemplated by the framers of the act. The appellants had had no possession for some time prior to the entry of appellees. By the language of the statute, the *possession of the adverse party* must have been disturbed and the eviction had during the temporary absence of parties *in possession*. Where the possession is required to be in existence, and the absence to be temporary, the word must receive its technical definition, the absence must be brief, limited, only a limited break in the actual manual occupation.

We do not hesitate to say that a total loss of possession without the assertion of rights for this length of time is not a " temporary absence " within the intention and purview

of the statute, and that appellants signally failed to establish, by evidence, the important allegation in the answer, upon which issue was taken. We do not intend to judicially decide the limit of time that may be considered "temporary absence." Each case must be more or less controlled by circumstances, and the conduct of parties evincing their intentions, but in this case where the possession of the adverse party was open and notorious for the time shown, the statutory amount of improvement made to justify an entry, the necessary notices given, and the title from government acquired, without the intervention of the claimants, the absence cannot be regarded as temporary, under the law.

The application for a rehearing must be denied.

*Denied.*