[Civil No. 333.   Filed January 25, 1893.]

[32 Pac. 265.]

PIERCE W. BUTLER, Administrator of the Estate of Georgia Butler, Deceased, Plaintiff and Appellant, v. TRINIDAD SHUMAKER et al., Defendants and Appellees.

1. TRUSTS—EVIDENCE—MAY BE ESTABLISHED IN REAL ESTATE BY PAROL —MUST BE CONVINCING.—A trust in real estate may be established by parol evidence, but such evidence must be clear and convincing, not doubtful, uncertain, and contradictory.

2. SAME—BURDEN OF PROOF—APPEAL AND ERROR—CONFLICT IN EVIDENCE.—The burden of proof is upon the one seeking to establish a trust in real estate, and where the evidence is conflicting, under well-established rules, the judgment of the trial court, that there was no trust, will not be disturbed.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Henry C. Gooding, Judge.   Affirmed.

The facts are stated in the opinion.

A. Buck, for Appellant.

H. N. Alexander, for Appellee.

WELLS, J.—Action in equity to establish a trust in defendant Trinidad Shumaker of certain real estate situate in the city of Phœnix, in this territory, for the benefit of plaintiff, Georgia Butler.   Also to decree as a mortgage a certain deed given by said Trinidad to the defendant H. Shumaker, conveying the said real estate; to permit plaintiff to pay the alleged mortgage debt; and to decree the title of the said property in plaintiff.   There was a trial by the court, and a judgment for the defendants, from which and the order overruling the motion for a new trial plaintiff appeals.

The first assignment of error is, that the court erred in overruling the motion for a new trial, for the reason that the verdict and judgment of the court is contrary to the law

and the evidence. Notwithstanding the assignment is general in its character, we pass over any objection thereto, and consider the questions raised by the assignment. The first question presented by the plaintiff for the district court to determine was, Did the evidence adduced at the trial establish a trust alleged and relied upon in the complaint? In fact, this is the first step to be taken by plaintiff leading to a recovery. The facts upon which the trust is sought to be established, summarized from the testimony appearing in the record, are substantially as follows: On the part of the plaintiff it appears that in the month of September, 1879, the plaintiff, Georgia Butler, whose maiden name was then Georgia Swilling, and who is the daughter of the defendant Trinidad Shumaker, was the owner of about thirty head of cattle of the value of about five hundred dollars; that at about that time said Trinidad traded, sold, and delivered said cattle to one Woolsey, who, in consideration therefor, was to transfer the real estate in question, and finish the house thereon; that in the year 1880 Woolsey died, without having made the transfer; his estate was administered upon, the administrator in due course of his administration selling the property in question at public sale; that said Trinidad purchased the property at said sale for the sum of eleven dollars, and took a deed to herself and in her name. The testimony for plaintiff, taken alone, tended to establish plaintiff's theory that the defendant Trinidad, in the transaction just indicated, was acting for and in behalf of the plaintiff, Georgia Butler. The defendant Trinidad Shumaker testified that she was a widow, having certain property after the death of her husband; that the cattle traded and sold by her to Woolsey for the real estate in question belonged to her; that she purchased them from a Mrs. Stevens, paying for them with her own property; that she traded them to Woolsey as her own and in exchange for the real estate to procure a home for herself; that, in addition to the lots, Woolsey agreed to build a house for her on the lots, which he commenced, but died before finishing; that she finished the house herself, and has lived in it and occupied it for twelve years, and since the purchase from Woolsey. After the death of Woolsey, at her instance, Captain Hancock attended to the business of finishing the house and completing the title, and

he purchased the property for her at the administrator's sale. The witnesses for the plaintiff and the defendants testified at some length, and the evidence in its entirety is contradictory and uncertain; the plaintiff's witnesses testifying to facts which are denied and contradicted by defendant Trinidad, who is corroborated in a measure by other evidence.

There is some contention between counsel as to the character or nature of trusts. We do not consider it important whether there was a resulting or constructive trust in this case. The facts to be established are, Was there a trust, and has plaintiff sufficiently established it? It is conceded that the trust is not in writing, but rests in parol, and, resting in parol, the proof in character is the same whether to establish a resulting or constructive trust. A trust may be established by parol evidence, but such evidence must be clear and convincing, not doubtful, uncertain, and contradictory. It must be full, clear, and satisfactory. The burden of proof is upon the one seeking to establish it, and, if the testimony is conflicting, under the well-established rules the judgment of the lower court will not be disturbed. The judgment of the lower court was for the defendants, for the reason that plaintiff failed in the evidence to establish a trust, it devolving upon him to produce sufficient and satisfactory proof; and what is sufficient and satisfactory proof is for the trial court to determine. We have looked into the whole evidence. Upon important points it is contradictory and conflicting. In its state we cannot say that the judgment of the district court was not authorized, even should it appear to us that the preponderance of the evidence was in favor of the plaintiff. It devolved upon the trial court to weigh the evidence, and to pass upon the credibility of the witnesses, who were personally before it; and if he believed one rather than the other, we have no right of determining that his conclusions were wrong. We can only reverse when there is a want of evidence to sustain the judgment, or when the judgment is so manifestly against the weight of evidence as to show it to be the result of bias or prejudice. When the decree sought to be reversed is based upon depositions which are so conflicting and of such a doubtful and unsatisfactory character that different minds and different judges might reasonably

disagree as to the facts proved by them, or the proper conclusions to be deduced therefrom, the appellate court will decline to reverse the decree, although the testimony may be such that the appellate court might have rendered a different decree if it had decided the case in the first instance. *Alderson* v. *Commissioners*, 31 W. Va. 633, 8 S. E. 278; *Clift* v. *Clift*, 72 Tex. 144, 10 S. W. 339; *Sprague* v. *Locke*, 1 Colo. App. 171, 28 Pac. 142. This doctrine is so well established that we need cite no further authorities. The plaintiff failing to establish a trust estate, there is no necessity for inquiring into the merits of the deed from Trinidad Shumaker to H. Shumaker. We have come to the conclusion that the judgment of the lower court must be affirmed, which is accordingly done.