# CHARLESTON.

## HANDLAN *v.* HANDLAN

Submitted June 11, 1896—Decided Nov. 18, 1896.

HUSBAND AND WIFE—DIVORCE—PAROL TRUST.

Where a husband makes an absolute conveyance of real estate to his wife directly or indirectly through the intervention of a trustee a court of equity will not entertain a bill by the husband, either before or after divorce granted such wife, which seeks to establish a parol trust as to such real estate in such wife for their mutual benefit.

W. W. ARNETT for appellant, cited 31 Ohio St. 247; 4 Co. 23; 12 Co. 124; 33 Mo. 114; 54 Am. Dec. 614; 29 N. H. 399; 2 Barb. 153; 63 Pa. St. 320; 50 Md. 214-33; 99 N. C. 453; 78 Ga. 150; 23 Ga. 168-70; 21 Ala. 807; 63 Tex. 88; 31 Ohio St. 247; 111 Ind. 433; 10 N. E. 848; 81 Mo. 610; 53 Cal. 737; 6 Dk. 87; 32 Am. Dec. 68; 4 Denio, 262; 19 Wend. 650; 80 N. C. 91; 39 Ala. App'l 565; 1 L. A. R. 283; 55 Tex. 193; 19 Wis. 339; 54 Ia. 541;

82 Ill. 279; 62 Ia. 177; 14 Ia. 446; 86 Cal. 449; 23 W. Va. 594; 15 W. Va. 578; 21 W. Va. 474; 5 W. Va. 71; Brown on Div. pp. 434-5; 5 Bush. (Ky.) 167; 2 Md. 429; 3 Mo. 54; 1 Bish. M. & D. § 716; 4 Saund. (Tenn.) 185; 8 Bush. 156; 1 How. (Del.) 516; 8 N. J. St. 49; 1 Del. Chy. 406; 2 Bish. M. & D. p. 479; 1 Tenn. Chy. 266-68.

JOHN A. HOWARD and HENRY M. RUSSELL for appellee, cited 1 Black on Judg. § 205; 37 W. Va. 757; 23 S. E. Rep. 721; 23 W. Va. 594.

DENT, JUDGE:

William M. Handlan filed his bill in chancery in the Circuit Court of Ohio county against his divorced wife, Kate G. Handlan, seeking to set aside a certain absolute conveyance of real estate made by himself indirectly through a trustee to his wife during coverture, and also to cancel the decree of divorce in so far as it approves such conveyance. The defendant demurred, and the court sustained her demurrer, and, the plaintiff declining to amend, dismissed the bill. The plaintiff having appealed now here insists that the demurrer was illegally sustained.

The main allegations of the bill on which plaintiff predicates his right to the relief sought are to the following effect: That the conveyance from himself to his wife while absolute on its face was made with the express parol agreement and understanding that the property was to be held in trust by her for the mutual benefit of both during coverture, and on the death of either was to go to the survivor by virtue of mutual wills made by them and deposited with Frank C. Hildreth. The deeds for the property being absolute on their face, the decree of divorce could not affect them in any manner except to determine that the wife should hold that which was already her separate property free and acquit from the marital rights of her husband, if any he had. Therefore the husband would not be barred by such decree, whether sane or insane, from setting up and enforcing any proper trust as against his divorced wife. The property in controversy was not purchased by the husband with his funds, and the title taken in the name of his

wife, but the property was already his, and conveyed by him through the intervention of a trustee to make the conveyance legal to her. Now the husband says the conveyance was a mere trust, which has been defeated by reason of the divorce, and he asks that such trust may be enforced by the cancellation of the deeds, and the restoration of the property, and that he may be permitted to overthrow the deeds and establish such trust by parol testimony. It has long been the established law of this state that: "If a party obtains a deed without any consideration upon a parol agreement that he will hold the land in trust for the grantor, such trust will not be enforced, as it would violate the statute of frauds, and the general rule to permit parol evidence to establish such a trust; but, if such agreement be reduced to writing, and signed by the grantee at the time the deed is executed or afterwards, a court of equity will enforce such trust." Cain v. Cox, 23 W. Va. 474. There is no such writing claimed to exist in this case. The deed to the wife is admitted to have been absolute, but it is alleged that there was an understanding to hold in trust, or reconvey on request. This is in plain contradiction of the deed, and can not be established by parol evidence. There is no excuse given for the transfer other than that she requested it. If it was to be a mere trust, the husband, so far as the bill shows, could have held in trust for their mutual benefit equally as well as the wife, and, in either event only one will would have been necessary, and that would be the will of the party holding the title. It must be presumed that the husband at the time of the conveyance was fully acquainted with the law that to establish a trust in his wife it must be reduced to writing. The fact that she obtained a divorce afterwards can not change the status of the property or the law relating thereto. Her title can not be impeached in the absence of fraud by evidence of a parol agreement. Pusey v. Gardner, 21 W. Va. 474; Zane v. Fink, 18 W. Va. 755.

The decree will therefore be affirmed.