CASE 18—PETITION EQUITY—FEBRUARY 8.

# Munford v. Green's Administrator.

APPEAL FROM HART CIRCUIT COURT.

1. DEEDS—PAROL EVIDENCE TO CONTRADICT.—Parol testimony is not admissible, in the absence of an allegation of fraud or mistake to show that a deed absolute on its face was intended only to secure a debt.

MARTIN & CURLE FOR APPELLANT.

1. Parol evidence is competent to show that a conveyance absolute on its face was intended only as a mortgage. Pomeroy's Equity Jurisprudence, vol. 3, sections 1195 and 1196; Langhorn v. Payne, 14 B. M., 502; Mercer v. Blaine & Hamilton; Littell's Select Cases, 412; Seiler v. Northern Bank, 86 Ky., 131.

2. It was competent to show by parol testimony the whole transaction and circumstances surrounding it, and the terms and conditions upon which Green was invested with the title, so as to show that he took the same and held it in trust for Munford. Pomeroy on Trusts, vol. 2, sec. 602, page 164; Waite's Actions and Defenses, vol. 6, page 817; Farris v. Dunn, 7 Bush, 278.

3. It was competent to show by parol testimony that all of the agreement between the parties was not put into the deed. Greenleaf on Evidence, vol. 1, sec. 384; Smith v. Calender, 16 Ky. Law Rep., 126.

W. J. MACY FOR APPELLEE.

1 In the absence of an allegation of fraud or mistake, or of an illegal or immoral consideration, parol testimony is incompetent to show that a deed to land, which is absolute on its face, was in fact only a mortgage. Lemaster. v. Buckhart, 2d Bibb, 29; Fleming v. Harrison, 2d Bibb, 173; Garten v. Chandler, 2 Bibb, 246; Morris v. Morris, 2 Bibb, 311; Coger v. McGee, 2 Bibb, 322; Martin v. Lewis, 1 Marshall, 103; Turpin's Admr. v. Marksbury, 3 J. J. M., 625; Wight v. Shelby, R. R. Co., 16 B. M., 6; Thomas v. McCormick, 9 Dana, 109; Green v. Ball, 4th Bush, 592.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

On December 10, 1877, the appellant, Munford, in consideration of the sum of $400, made a deed to Z. G. Green for a certain tract of land in Hart county. The deed contained covenants of general warranty and imported an absolute conveyance. Munford alleges that there was a parol agreement at the time of the execution of the deed by which Green was to accept the deed, take possession of the land, rent and sell it, pay himself a debt which Munford owed him, and whatever remained was to be paid to him. It is not alleged that there was any fraud or mistake in the execution of the deed or any vice therein. There is no claim that any language was used in the deed which was not intended by the parties to be used in expressing the contract between the parties. The sole question in this case is whether parol testimony, in the absence of any allegation of fraud or mistake, is admissible to contradict the legal import of the deed. We are of the opinion that this can not be done. It is a well-settled rule in this State that parol evidence is not admissible to contradict written evidence, except in cases of fraud. or mistake, or when there is vice in the contract.

The question in the case of Thomas v. McCormack, 9 Dana, 109, involved the identical question to be determined in this case. In that case the court adjudged that parol testimony was inadmissible to show that a deed in terms, an absolute conveyance, was not intended as such, but was designed as a mortgage. In speaking of the rule the court said, "Though it may operate harshly in a particular case, is, nevertheless, so salutary and conservative, that an inflexible adherence to it is necessary for effectuating the policy of the statute of

frauds and perjuries, and of giving proper security to property, and full effect to solemn contracts in writing." This case followed the rule which was announced in several cases in this court which preceded it.  Coger's Exors. v. McGee, 2 Bibb, 322; Lemaster, &c., v. Burckhart, Ibid., 28; Fleming v. Harrison's Devisees, Ibid., 172.  In Garten v. Chandler, Ibid., 246, the court said it was, "A well-settled rule, that parol evidence ought not to be admitted to contradict written evidence, except in cases of fraud or mistake; in such cases the fraud or mistake, should appear very evident, to counteract the effect of the contract in writing."

The court said in Martin v. Lewis, 1 A. K. Marshall, 75, "A contract under seal must be tested by the writing.  It can not be supplied, added to, or explained by parol evidence; and whenever reduced to writing, presupposes that everything intended as an obligatory part thereof has been inserted, unless it is clearly shown, that the writing has been fraudulently or accidentally so drawn as not to express the true agreement of the parties; otherwise contracts intended to be most explicit and certain, by committing them to writing, will be liable to all the uncertainty arising from the vague impressions of witnesses, of various propositions between the parties whilst treating on the subject.  And even those things which had been omitted, because they formed insuperable objections to the contract, might, in this manner, be introduced as an important link in the consummation of the bargain." The same doctrine was recognized as correct in Turpin's Admr. v. Marksberry, 3 J. J. M., 625.  But where, by fraud or mistake, the instrument has been so drawn as not truly to express the terms of the contract, relief

will be granted, but it must be distinctly alleged and clearly proven.

In the case of Thompson v. Patton, 5 Litt., 74, the court said, "It is not alleged that the bill of sale was drawn differently from what was intended. The complainant well understood the nature of it, at the time, and alleges that it was given to gratify the defendant; but with the understanding and agreement, by the by, that the slave was to be redeemable. We, therefore, conceive that there is no circumstance which can lay a foundation for the admission of parol evidence, or warrant a departure from the principle, which we conceive applies to instruments of this kind, as well as to other written instruments. We can not admit the principle, that parol evidence is admissible, of course, to convert a sale made absolute by written evidence, into a mortgage or conditional sale, and thus to alter, enlarge or destroy the effect of the writing. We adhere to the contrary principle, and must apply it here. Many cases may be found to support the admissibility of such proof, and cases decided by this court, may have, *sub silentio*, went on grounds different from these now taken, and others, *arguendo*, may have suggested the propriety of admitting such proof; but if such cases exist, we can not help viewing them as aberrations from correct principle, and concluding that we had better depart from them, than violate a settled doctrine of the law, adopted from motives of great wisdom and sound policy, and matured by time and experience. Applying the doctrine to this case, it is conclusive against the right of the plaintiff in error, and his parol evidence must be disregarded."

Wight v. Shelby R. R. Co., 16 B. M., 6, supports the con-

clusions we have reached.   It is absolutely necessary to contradict the plain and unambiguous language of the deed, and thus destroy its legal effect, in order to sustain plaintiff's claim.

Counsel for appellant relies upon cases of this court to sustain the contention that such parol testimony is admissible to contradict the terms of the deed.   We will review some of the cases thus relied upon.

It was held in Faris and Wife v. Dunn, 7 Bush, 276, that a resulting trust may be established by parol testimony. In that case a father bought a tract of land with the money of his daughter, and took the conveyance of the legal title to himself.   The court held that a trust resulted.   It is plain that the parol testimony did not contradict any writing which the daughter had signed.

In Ferguson's Admx. v. Smith, 7 Bush, 76, the court held that, "Parol evidence was admissible to prove the real character of these transactions, both because they, were infected with usurious device and the violation of the agreement under which Ferguson purchased the land involved the commission of a fraud, against which Smith was entitled to relief in a court of equity."

In Carey v. Callan's Executor, 6 B. M., 44, the proceeding was to establish a resulting trust upon the ground that Callan had expended in the acquisition of some property, an amount of money derived from the estate of the common father of himself and sisters.   The sisters were not parties to the deed, and the court recognized that the resulting trust, if it existed, could be established by parol testimony.   This testimony did not involve the contradiction of an instru-

ment of writing.   Those who sought to establish the trust
had not executed the instrument of writing.

It was held in Letcher v. Letcher's Heirs, 4 J. J. M., 591,
that where a conveyance was taken in the name of one per-
son and the purchase money paid by another, a resulting
trust existed by implication of law, in favor of a party who
paid the purchase money; and that the trust could be es-
tablished by parol evidence.   This case is in nowise in con-
flict with the cases we have cited to sustain our conclusion,
because it was not necessary, in order to establish a trust, to
contradict written evidence as the party to whom the convey-
ance was made, and the one who paid the purchase money
had not reduced their contract to writing.

It appeared in Brey v. Barbour, 14 Ky. Law Rep., 655,
that the land was sold to pay a debt against it, and under
an arrangement with the defendant, Brey furnished the
money to pay the debt and took a deed (presumably a com-
missioner's deed) to himself to secure him for the money
which he advanced, and with the understanding that they
could redeem the land.   The court held that the facts could
be established by parol testimony.   This case is not in con-
flict with the rule we have announced, because the parol tes-
timony did not contradict any writing which the defendants
had executed.

In the case of Seiler, etc., v. Northern Bank of Ky., 86
Ky., 131, the court said, "The doctrine is well settled that
a conveyance absolute in form may be shown by parol evi-
dence to be but an equitable mortgage.   In fact, courts lean
to this conclusion in doubtful cases.   The question in this
case is, however, *res adjudicata.*   This court, upon the former
[ 10 ]

appeal, passed upon it." . There was no question before the court in the case then under consideration for the application of the doctrine announced, and there was no question involved as to the right to introduce parol testimony to vary a written instrument, as that question had been adjudged in the case on a previous appeal.

The judgment is affirmed.