[Civil No. 1613. Filed December 18, 1918.]

[176 Pac. 583.]

E. S. WRIGHT, HARRY F. WRIGHT and MRS. R. O. JACKSON, Formerly EMILY GLADYS WRIGHT, Appellants, v. A. C. YOUNG, Appellee.

1. TRUSTS—EXPRESS TRUSTS.—If plaintiffs executed and delivered their quitclaim deed to W. and it was mutually agreed that W. should accept and hold title for the purpose of making a sale, that as soon as the premises were sold the proceeds should be divided equally, etc., there was an express trust.

2. TRUSTS—ORAL TRUST AS TO REALTY—VALIDITY.—When the pleadings and the evidence both show an express trust, the grantor in a deed absolute upon its face duly executed and delivered, cannot impress or ingraft a parol trust in his own favor, although no consideration was actually paid.

3. APPEAL AND ERROR—JUDGMENT SUPPORTED BY EVIDENCE—REVERSAL ON FACTS.—Jury trial being waived, court occupied same relation to facts as jury, and its judgment will not be reversed on the ground that it was not justified under the evidence, where there is evidence in the record of a substantial nature tending to support it.

4. APPEAL AND ERROR—JUDGMENT SUPPORTED BY EVIDENCE—REVERSAL
ON FACTS.—It is the duty of the trial court to give full consideration
to the evidence and pass upon its weight and sufficiency, and the
court on appeal cannot say that its conclusions were wrong, where
there is evidence of a substantial nature tending to support the
judgment.

5. APPEAL AND ERROR—REVERSAL ON FACTS—WHEN WARRANTED.—The
court on appeal should reverse the judgment of the lower court only
when there is a want of evidence to sustain it or when the judgment
is so manifestly against the weight of the evidence as to show it to
be the result of bias or prejudice.

APPEAL from a judgment of the Superior Court of
the county of Yavapai. Frank O. Smith, Judge. Affirmed.

Messrs. Anderson, Coleman & Nilsson, for Appellants.

Messrs. O'Sullivan & Morgan, for Appellee.

JOHN WILSON ROSS, J.—The salient allegations in ap-
pellants' amended complaint on which they base their right
to the relief sought are to the following effect: That on the
thirty-first day of March, 1908, Mrs. Mary L. Wright, widow
of James H. Wright, deceased, and mother of the plaintiffs
and of Mary S. Wright, deceased, died intestate, seised in fee
simple of certain real estate situate in the city of Prescott,
Yavapai county, Arizona. That plaintiffs and Mary S.
Wright, deceased, were and now are the sole heirs of Mary
L. Wright, deceased. That Mary S. Wright and defendant,
A. C. Young, were married on the fourteenth day of Novem-
ber, 1911, and that Mary S. Wright died intestate and with-
out issue, leaving the said defendant, A. C. Young, still her
lawful husband and sole heir at law. That the plaintiffs,
on the eighteenth day of April, 1908, made, executed and de-
livered their quitclaim deed to said real estate to the said
Mary S. Wright. That, at the time of the making of said
quitclaim deed, it was mutually agreed by and between ap-
pellants and the said Mary S. Wright that the said Mary
S. Wright should accept, take and hold the title to said real
estate for the purpose of making a sale thereof, and should
occupy and live upon the said premises and use the rents or
income therefrom for the purpose of keeping the premises in
repair and pay the taxes thereon. That as soon as the prem-
ises were sold the proceeds from such sale would be divided

equally among the heirs, viz., E. S. Wright, Harry F. Wright, and Mrs. R. O. Jackson, the appellants, and the said Mary S. Wright. That the said Mary S. Wright agreed and consented to all the conditions so mutually understood, agreed and intended to be performed. That said quitclaim deed was made without consideration, but recites a consideration of one dollar. Mary S. Wright died on the fourth day of April, 1915. That on the twenty-sixth day of February, 1916, E. S. Wright for himself and his coappellants requested of A. C. Young, appellee, to carry out the conditions of said agreement and presented to him a quitclaim deed for his signature, and that the said A. C. Young refused to execute and deliver the same.

The plaintiffs prayed that a trust be declared in their favor for an undivided three-fourths interest in the said real estate, and that the said A. C. Young be adjudged a trustee of the said three-fourths interest.

To the amended complaint, defendant interposed a general and special demurrer questioning the sufficiency of said amended complaint upon the grounds: That the same does not state facts sufficient to constitute a cause of action; that the alleged agreement, not being in writing, is void under the statute of frauds; laches and estoppel; peaceable and adverse possession under the three-year statute of limitation and the five-year statute of limitation; and, by way of answer, denies that appellants own any interest in said real estate; and alleges that appellee is the owner in fee simple of said real estate, obtaining title to the same as the sole heir at law of Mary S. Wright, deceased.

The cause was tried before the court without a jury. Thereafter, on the third day of May, 1917, the trial judge rendered his decision in writing, finding in favor of the defendant. On the same day judgment was entered in favor of the defendant. From the final judgment and order denying plaintiffs' motion for a new trial, plaintiffs appealed to the supreme court.

Attention is called to appellants' first assignment of error, which is that the trial court erred in holding that a grantor cannot impress a trust upon his own deed by parol evidence alone. In the case at bar the trust is an express trust as alleged in the amended complaint and proved by the evidence. There is no material conflict in the evidence. One of the

main points raised by the pleadings, and which this court
ought to determine, is: May the grantor in a deed duly exe-
cuted and delivered impress or ingraft a parol trust in his
own favor against the terms of his own deed when the trust
is an express trust, and is not tainted with fraud, mistake or
duress arising at the time of the execution of the deed?

There is no provision in our statute similar to that found
in the seventh section of the English statute of frauds and
perjuries, which enacts that all declarations or creations of
trusts and confidences of any lands or tenements or heredita-
ments shall be manifested and proved by some writing signed
by the party who is by law enabled to declare such trust or
by his last will in writing. It necessarily follows that the
English statute of frauds does not apply in our state, and the
question is an open one as to whether an express trust may
be impressed or ingrafted on a deed in favor of the grantor
as against the terms of his own deed when the same is not
tainted with fraud, mistake or duress arising at the time of
the execution of the deed.

The seventh section of the English statute of frauds has
been substantially enacted in some of the states of the United
States, and it is uniformly held, wherever the statute of
frauds in force contains a provision requiring express trust
to be created or evidenced by writing, that an oral agree-
ment between the grantor and grantee that the property con-
veyed shall be held in trust for the grantor cannot be enforced
as an express trust.

The alleged deed recites a valuable consideration paid by
the said Mary S. Wright to the plaintiffs, and contains the
*habendum,* which is as follows:

"To have and to hold the same together with all and
singular the appurtenances and privileges thereunto belong-
ing or in any wise appertaining, and all the estate, right,
title, interest and claim whatsoever of the said parties of the
first part, either in law, or in equity, in possession or expec-
tancy to the only proper use, benefit and behoof of the said
party of the second part her heirs and assigns forever."

The authorities are to the effect that in a deed of this
character, giving on its face clear indication that an absolute
estate was intended to pass either by the recital of a valuable
consideration paid, or by an express covenant to warrant and
defend the title, no trust would be implied by reason of the

fact that no consideration was actually paid. *Gaylord* v. *Gaylord,* 150 N. C. 222, 63 S. E. 1028.

To the effect that a parol trust may not be ingrafted on a deed absolute on its face in favor of the grantor as against the grantee, *Gaylord* v. *Gaylord, supra,* seems to be decisive, and we quote *in extenso* therefrom:

"Upon the creation of these estates, however, our authorities seem to have declared or established the limitation that, except in cases of fraud, mistake, or undue influence, a parol trust, to arise by reason of the contract or agreement of the parties thereto, will not be set up or ingrafted in favor of the grantor upon a written deed conveying to the grantee the absolute title, and giving clear information on the face of the instrument that such a title was intended to pass. . . .

"The trust cannot be alleged consistently with the deed, because it is impossible to believe that the grantee gave a full and valuable consideration for the privilege of holding the land for the use of the grantor. A deed may be regarded in two aspects: In one it is the means by which the title is conveyed; in the other, a memorandum of the terms and conditions of the transfer. If a man deliberately executes a sealed instrument, reciting that he has transferred the right of ownership for value received, he should not be permitted to put the grantee to the proof of that which has been established with the utmost solemnity known to the law. This is the more true because such a disguise is generally adopted for some sinister purpose, to defraud creditors or deprive a wife of dower. . . .

"The main current of decision is in this direction and establishes that a trust cannot be fastened on an absolute deed by evidence that the grantee paid no consideration, or that he agreed to take and hold the premises from the grantor. . . .

"Thus it will be seen that, while in North Carolina, the seventh section of the English statute of frauds not having been enacted here, parol trusts will be upheld in given instances in favor of third persons, . . . such trusts will not be permitted or established here by reason of contemporaneous parol contracts and agreements between the parties when the same are in direct conflict with the expressed stipulations of the written deed and the entire purport of the instrument."

There are decisions to the contrary, but we think the better rule is that where the deed is absolute upon its face, as in the

instant case, and where the pleadings and the evidence both show an express trust, and where there is no allegation of facts in the complaint showing fraud, duress or undue influence, the grantor ought not to be allowed by parol evidence to ingraft upon his own deed a trust in his own favor as against the terms of his own deed. The stability of titles rests largely upon written instruments, and to protect titles this rule in reason ought to prevail.

We do not wish to be misunderstood, for there are many cases where equity will ingraft a trust on property in favor of the grantor by parol, and we quote from Pomeroy's Equity Jurisprudence, volume 3, section 1053, in support thereof, to wit:

"In general, whenever the legal title to property, real or personal, has been obtained through actual fraud, misrepresentations, concealments, or through undue influence, duress, taking advantage of one's weakness or necessities, or through any other similar means or under any other similar circumstances which render it unconscientious for the holder of the legal title to retain and enjoy the beneficial interest, equity impresses a constructive trust on the property thus acquired in favor of the one who is truly and equitably entitled to the same, . . . and a court of equity has jurisdiction to reach the property either in the hands of the original wrongdoer, or in the hands of any subsequent holder, until a purchaser of it in good faith and without notice acquires a higher right and takes the property relieved from the trust."

The pleadings in plaintiffs' amended complaint contain no allegations of fact showing fraud, misrepresentations, concealments, undue influence, duress, or that any undue advantage was taken of the plaintiffs by reason of weakness or necessities which would render the taking of the property by the said Mary S. Wright unconscientious. The pleadings wholly fail to show a constructive trust; but, on the contrary, they show an express trust, and the evidence establishes an express trust. When the pleadings and the evidence both show an express trust, the grantor in a deed duly executed and delivered cannot impress or ingraft by parol a trust in his own favor against the terms of his own deed. *Richardson et al.* v. *McConaughey et al.,* 55 W. Va. 546, 47 S. E. 287; *Gaylord et al* v. *Gaylord et ux.,* 150 N. C. 222, 63 S. E. 1028.

As expressing our views and conclusions, we quote *verbatim* the following:

"It is not alleged that there was any fraud or mistake in the execution of the deed, or any vice therein. There is no claim that any language was used in the deed which was not intended by the parties to be used in expressing the contract between the parties. The sole question in this case is whether parol testimony, in the absence of any allegation of fraud or mistake, is admissible to contradict the legal import of a deed. We are of the opinion that this cannot be done. It is a well-settled rule in this state that parol evidence is not admissible to contradict written evidence, except in cases of fraud or mistake, or where there is vice in the contract." *Holtheide* v. *Smith et al.,* 74 S. W. 689, 24 Ky. Law Rep. 2535; *Munford* v. *Green's Admr.,* 103 Ky. 140, 44 S. W. 419, 19 Ky. Law Rep. 1791; *Brown* v. *Brown et al.,* 66 Conn. 493, 34 Atl. 490; *Handlan* v. *Handlan,* 42 W. Va. 309, 26 S. E. 179.

Defendant's general demurrer to plaintiffs' amended complaint ought to have been sustained.

Appellants' second assignment of error raises the question that the evidence presented was not sufficient to justify the court in rendering judgment for the plaintiffs. The court in this cause was the trier of the facts. Our Constitution and the laws made in pursuance thereof provide that trial by jury may be waived in civil cases where the consent of the parties is given, and, if the jury shall be waived, the cause shall be tried by the court. In this cause the record shows that trial by jury was waived, and the cause tried by the court. The law says, where a trial is held by the court, the court occupies the same relation to the facts in the case that a jury would have if the case had been tried by a jury.

It would serve no useful purpose to analyze the evidence. Suffice to say there is evidence in the record of a substantial nature tending to support the judgment of the lower court. We are asked to review the facts by this assignment of error. It was the duty of the trial court to give full consideration to the evidence and to pass upon its weight and sufficiency, and this court cannot say that its conclusions were wrong where there is evidence of a substantial nature tending to support the judgment. This court should reverse the judgment of the lower court only when there is a want of evidence

to sustain it, or when the judgment is so manifestly against the weight of evidence as to show it to be the result of bias or prejudice. *Miles* v. *Franz Lumber Co.*, 14 Ariz. 455, 130 Pac. 1112; *Butler* v. *Shumaker*, 4 Ariz. 16, 32 Pac. 265; *Willard* v. *Carrigan*, 8 Ariz. 70, 68 Pac. 538.

Appellants' other assignments of error we deem unnecessary to consider. We would be remiss should we fail to commend the illuminating briefs filed by the respective counsel in this cause.

For the foregoing reasons, the judgment of the lower court is affirmed.

CUNNINGHAM, C. J. (Concurring Specially).—I concur in the order confirming the judgment herein for the following reason:

The trial court, in the course of his ruling, clearly bases his decision on the failure of the evidence to sustain the allegations of the complaint setting forth a parol trust in favor of the plaintiffs. The appellants' assignment of error is that "the trial court erred in holding that a grantor cannot impress a trust upon his own deed by parol evidence alone," referring to page 32 et seq., abstract of record. The trial judge said in that connection:

"I am particularly in doubt upon the chief points involved, the question of the right of a grantor to impress a trust upon his own deed by parol evidence alone.

"Regardless of this point, I have reached the conclusion that the evidence presented in this cause is not sufficient to justify the court in rendering judgment for plaintiffs. . . . "

The court discusses the testimony of the witnesses, and then takes up the question of laches as effected by lapse of time and the death of a principal witness before the commencement of the action, and concludes that "For these reasons the judgment of the court is that plaintiffs take nothing by their complaint. . . . "

Hence the trial court did not hold, as alleged in the said first assignment, that a grantor cannot impress a trust on his deed by parol evidence; but, on the other hand, the court did hold that the evidence produced on that point failed to satisfy the court that a trust was intended or existed. The court clearly based its decision on said question on the weight

and sufficiency of the evidence, holding that the evidence was insufficient.

Without here reciting the evidence, I am of the opinion that the conclusion of the trial court to the effect that the evidence is insufficient to establish a trust, express or constructive, must be sustained. The province of the trial court is to determine the weight and sufficiency of the evidence tending to establish the trust. In *Butler* v. *Shumaker,* 4 Ariz. 16, 32 Pac. 265, the court says:

"A trust may be established by parol evidence, but such evidence must be clear and convincing, not doubtful, uncertain and contradictory. It must be full, clear and satisfactory. The burden of proof is upon the one seeking to establish it, and, if the testimony is conflicting, under the well-established rules the judgment of the lower court will not be disturbed. The judgment of the lower court was for the defendants, for the reason that plaintiff failed in the evidence to establish a trust, it devolving upon him to produce sufficient and satisfactory proof; and what is sufficient and satisfactory proof is for the trial court to determine."

I may add that such determination will not be disturbed on appeal unless the record discloses clear and unmistakable error. The mere fact that this court may have reached a determination different from that reached by the trial court is no ground for reversal. I limit my decision to the one question, viz., that the judgment of the lower court, having been rendered on a failure of proof, is supported by the record and must be affirmed.