[Civil No. 2519.  Filed November 8, 1926.]

[250 Pac. 364.]

MINERAL BASIN COPPER COMPANY, a Corporation, Appellant, v. W. S. STANDISH, Appellee.

Mr. F. L. Zimmerman, for Appellant.

Mr. Frederic A. Shaffer, for Appellee.

LOCKWOOD, J. — W. S. Standish, hereinafter called plaintiff, brought suit against Mineral Basin Copper Company, a corporation, hereinafter called defendant, on an express agreement for work and labor performed at its mine in Gila county, asking also to foreclose a statutory lien therefor. Plaintiff alleges in his complaint, in substance, that about the 17th of November, 1923, defendant, through its president, O. F. Beutke, employed him to work as foreman and miner for a short period at the rate of five dollars per day; that later said contract was modified to provide his wages should be at the rate of eight dollars per day, calculated from the original date of employment; that he had worked all told from November 17th, 1923, till March 2nd, 1925, and there was still due him for wages the sum of $1,184.50. Defendant admitted the employment at five dollars per day and the amount of labor, but denied the alleged agreement to increase the compensation to eight dollars, and claimed that the full amount due plaintiff had been paid him. The case was tried before the court sitting without a jury, and, after findings of fact and conclusions of law had been made, judgment was entered thereon for plaintiff in accordance with the prayer of his complaint, and defendant has appealed to this court.

The assignment of error made by defendant is:

"That the evidence is insufficient to support the judgment, and the judgment rendered is contrary to the evidence and the law applicable thereto."

Plaintiff objects to the consideration of any of the matters attempted to be raised by defendant's brief

because of the insufficiency of the assignment of errors. These assignments are in general terms, it is true, but we think they are sufficient to require us to examine the evidence to see if it will support the findings of fact and then to determine whether the judgment is such as should legally be rendered thereon. It is of course true, as we have held repeatedly, that when the evidence is in conflict this court will not ordinarily review the determination of a jury or a trial judge thereon as to the facts. *Tombstone M. & M. Co.* v. *Way Up M. Co.*, 1 Ariz. 426, 25 Pac. 794; *Wright* v. *Young,* 20 Ariz. 46, 176 Pac. 583; *Thomas* v. *Newcomb,* 26 Ariz. 47, 221 Pac. 226; *Leeker* v. *Leeker,* 23 Ariz. 170, 202 Pac. 397.

Defendant has argued, however, with great earnestness that the story of plaintiff as to the alleged supplemental agreement of July 15th, 1924, provided for an increase in wages is so inherently incredible that this tribunal should refuse to accept the findings of the trial court. The particular finding challenged is as follows:

"That on or about the 15th day of July, 1924, the plaintiff determined to leave the employ of the defendant company, and in consideration that the plaintiff would remain in the services and employ of the defendant company the said contract was modified and changed and the defendant company, acting by and through its president, O. F. Beutke, made and entered into an oral contract with the plaintiff whereby it promised and agreed to pay to the plaintiff the sum of eight dollars per day from and after the 17th day of November, 1923."

Plaintiff testified specifically to facts which would fully support this finding. On the other hand, Beutke and one Barton directly contradicted plaintiff's testimony as to the alleged modification. Were this all the testimony, we would still be bound by the rule above quoted, for, while the contract testified to by

plaintiff is unusual, we cannot say either as a matter of law or human experience it is incredible, and, even though we might have reached a different conclusion, had we been sitting in *nisi prius,* it would not justify us in reversing the findings of the lower court on the facts. It appears, however, that the trial court, in addition to the finding quoted above, made the following rather unusual one:

"That the court disregarded the testimony of the witnesses O. F. Beutke and Ralph E. Barton, where the same was in conflict with the plaintiff, on account of their interest, and on account of their manner of giving their testimony; their acts and conduct on the witness-stand, and the inherent improbability of their testimony being true where the same was in conflict with the testimony of the plaintiff."

This seemed somewhat surprising to us until we read the statements of the witnesses Taylor and Shaffer, set forth in the abstract of record. Upon reading their evidence we are satisfied that, if the trial court believed they told the truth, as it evidently did, the finding last quoted was fully justified, and it would leave the testimony of the plaintiff uncontradicted by any evidence which in the opinion of that court was worthy of credence. We are therefore of the opinion that there is ample evidence in the record to sustain the findings of fact.

It was argued, however, by defendant that, even though these findings were sustained, as a matter of law they did not justify the judgment for two reasons: First, that the agreement to pay the extra three dollars per day for work which had already been done was without consideration, and therefore *nudum pactum;* and, second, that plaintiff, by accepting payment from time to time of wages at the rate of five dollars per day, had waived the increased compensation. We think defendant does not properly con-

strue the contract found by the court. If plaintiff had quit work on the date of the alleged agreement, it is of course true that he could not recover on a promise to pay him a larger sum of money for work already performed. He claimed, though, that he had intended to leave the services of defendant corporation on the fifteenth day of July, but as an inducement to him to remain in its employ Beutke promised that he would pay him eight dollars per day, to be figured not only on the basis of the future, but of the time he had already worked. The consideration moving from plaintiff was not the past, but the future, services, and we can see no reason why the compensation for the latter could not have been computed on the length of his past labor, as well as on anything else.

So far as waiver is concerned, findings Nos. 4 and 7 were to the effect that the payments made to plaintiff during his employ were at irregular times and in irregular amounts, and that the final payment was not accepted by him in full settlement for his services. We are of the opinion that it would not follow as a conclusion of law under such findings that plaintiff had waived his increased compensation.

Since the findings of fact were supported by the evidence in the case, and the judgment rendered is the one which would be legally deducible therefrom, it is affirmed.

McALISTER, C. J., and ROSS, J., concur.