## SILBERHORN CO. v. WHEATON et al.

### S. F. No. 433; December 29, 1897.

#### 51 Pac. 689.

**Sale—Breach of Warranty.**—The Damages Sustained where defendants purchased from plaintiff, under a contract of sale, subject to the warranties declared under Civil Code, sections 1768–1771, two carloads of hams, which proved unmerchantable, and which defendants were compelled to sell at reduced prices, would be, where the contract price was not all paid, the difference between the amount the hams should have sold for if up to the standard agreed upon and the price actually realized, less the balance due on the contract price, together with the cost of freight and smoking, which charges defendants were to pay.[1]

**Appeal.**—Findings of the Trial Court, Unsupported by any evidence, are cause for reversal.[2]

APPEAL from Superior Court, City and County of San Francisco; Walter H. Levy, Judge.

Action by the Silberhorn Company against George H. Wheaton and others. From a judgment for defendants on their counterclaim plaintiff appeals. Reversed.

T. M. Osmont for appellant; Stanley, Hayes, McEnerney & Bradley for respondents.

PER CURIAM.—This action was brought to recover from defendants an alleged indebtedness of $2,093.75 for a carload of twenty-five thousand pounds of sweet pickle hams, sold by plaintiff to defendant on March 5, 1890, and delivered to them at Sioux City, Iowa, on April 26, 1890. The defendants, by their answer, denied that the hams were delivered to them in

---

[1] Cited and approved in Germain Fruit Co. v. J. K. Armsby Co., 153 Cal. 590, 96 Pac. 321, a case of sale by sample. The court said: "The same rule has been applied in this state in case of an implied warranty, under section 1771 of the Civil Code, that merchandise inaccessible to the examination of the buyer is warranted to be merchantable."

[2] Cited and followed in Stoffelo v. Molina, 8 Ariz. 214, 71 Pac. 913, as authority for a ruling that to enable the appellate court to affirm a judgment of the lower court in favor of the plaintiff, the record must disclose some positive affirmative evidence in support thereof.

accordance with the contract of sale, and denied that any sum whatever remained due or owing from them to the plaintiff. They then, as a defense, and by way of counterclaim for damages, set up facts showing that the hams sued for, and also another carload of similar hams, were sold and delivered to defendants, subject to the warranties declared in sections 1768, 1769, 1770 and 1771 of the Civil Code, and that the said hams as delivered were not sound and merchantable, or as nearly so, at the place of delivery, as could have been secured by reasonable care, and were not free from latent defects, not disclosed to the buyers, arising from the process of manufacture, but were in fact unsound and unmerchantable, and such defects were latent, and not disclosed to or discovered or known by defendants until after all said hams had been smoked by them, and many of them sold and disposed of in the ordinary course of their business, and those sold had been returned to and taken back by them; wherefore defendants asked judgment against the plaintiff for the sum of $3,954.92. Defendants also filed a cross-complaint, setting forth facts as to the said two carlots of hams, and claiming that by reason of the defects in the hams they had suffered damage, loss and injury to their trade and business in a large sum of money, for which they asked judgment against the plaintiff. The case was tried by the court, without a jury, and the findings upon all the issues presented were very full; and as conclusions of law the court found: "(1) That the plaintiff is not entitled to take anything under its complaint; (2) that the defendants are not entitled to take anything under their cross-complaint; (3) that the defendants are entitled, under their answer and counterclaim, to have and recover a judgment against the plaintiff for the sum of $1,666.24, made up as follows," etc. Judgment was accordingly so entered, and from an order denying its motion for a new trial the plaintiff appeals.

It is shown by the evidence that two carloads of hams were purchased by defendants from plaintiff, under the warranties before mentioned. The contract price of car No. 5 was $2,093.75, and of car No. 6, $2,156.25. By reason of imperfect or "short" curing—a latent defect—the hams were not up to the contract standard. The hams were delivered free on board the cars at Sioux City, Iowa. Before marketing them in California, it was necessary for defendants to pay

freightage, drayage and the cost of smoking. The evidence of defendants' bookkeeper seems to have been accepted by the court, and is to the following effect: If the hams of car No. 5 had been up to standard, they would have sold for $3,014.54. From this sum, after deducting the contract price and the cost of preparing the hams for the market, the remainder would represent defendants' profit in the transaction. Not being wholesome hams, the amount realized was only $2,106.23. The hams of car 6, if wholesome, would have sold for $3,196.22, this sum also including defendants' profit. Not being wholesome, they brought only $1,112.84. From these figures it clearly appears that the difference between what should have been realized upon the sale of the hams and what actually was realized is $2,991.69. If defendants then had paid the full contract price for the hams, and all expenditures properly chargeable to them, this sum would represent their damage. But it is undisputed that the contract price of car 5, namely, $2,093.75, had not been paid by defendants, and that plaintiffs had advanced on behalf of defendants the sum of $446.55 freightage upon one of the carloads, which freightage was an expenditure properly to be borne by defendants. Therefore from the sum of $2,991.69 are to be deducted $2,093.75 and $446.55. The remainder ($451.39), under the evidence of defendants' bookkeeper, would represent defendants' net damage, and the amount, therefore, for which they should have received judgment.

Were the findings of the court in a condition to warrant it, the judgment might be ordered modified to this extent, but, under the record here presented, this cannot be done. At the conclusion of the trial, defendants obtained leave of court to amend their pleading to conform to the evidence. They did amend; the court accepted the amendments; and its findings are in strict accordance with them. But by these amendments and these findings it is declared that the value of the hams at Sioux City, Iowa, at the time and place of delivery, had they been as warranted, would have been, car 5, $3,014.54; car 6, $3,196.22. There is no evidence whatsoever supporting these findings. It is nowhere contended that the value of the hams at Sioux City, at the time and place of delivery, had they been up to warranty, would have exceeded the contract price. The pleader and the court seem both to have been misled, and to have misunderstood the testimony

of defendants' bookkeeper. By that testimony, as has before been pointed out, had the hams been up to standard, they would have sold in San Francisco after smoking, with a profit to defendants, for the sums indicated. The finding made by the court can mean but one thing—that defendants had made a profitable bargain, and had purchased hams to be delivered at Sioux City, Iowa, of a certain grade, for a total sum of $4,250, which hams, if delivered up to standard, free on board the cars at Sioux City, Iowa, would have been of the value of $6,210.76. There is no evidence whatsoever in the record to support these findings, and it is not asserted that there is any such. As it is beyond the province of this court to make findings, the cause must therefore be reversed for a new trial; and, since it must be so reversed, the regularity or irregularity in allowing the proposed amendments of defendants need not be considered, it having already been pointed out that they did not conform to any evidence introduced upon the trial. The order denying plaintiff's motion for a new trial is therefore reversed and the cause remanded.