[Civil No. 610.   Filed June 11, 1898.]
[53 Pac. 579.]

## F. E. JORDAN et al., Plaintiffs and Appellants, v. GEORGE H. SCHUERMAN, Defendant and Appellee.

1. CONTINUANCE—AMENDED PLEADINGS — SURPRISE — GRANTING DISCRE-
TIONARY—SIMILAR ACTION BETWEEN SAME PARTIES REPRESENTED BY
SAME ATTORNEY AND INVOLVING MUCH OF THE EVIDENCE IN THE PRES-
ENT CASE.—The refusal of the trial court to grant a continuance upon
the motion of plaintiffs and appellants alleging surprise and inabil-
ity to proceed with the trial in an action to quiet title to mining
ground because of the filing of an amended answer setting up the
location of two claims which, if established, would render plaintiffs'
location void, is discretionary, and will not be reviewed, where it
appears that the parties and attorneys were identical with those in
a similar action, tried but a few months before, wherein a large
part of the evidence affecting the present case was introduced.

2. MINES AND MINING—AMENDED LOCATION NOTICE—DOES NOT GIVE
NEW RIGHTS—JORDAN V. DUKE, ANTE, P. 55, FOLLOWED—EVIDENCE
ADMISSIBLE — EXCEPT AS TO INTERVENING RIGHTS. — An amended
location notice does not inaugurate any new rights, it having rela-
tion to the original location (*Jordan* v. *Duke, supra,* followed); and
the introduction of such amended location notice is permissible,
except as against the rights of parties which have accrued between
the time of the original location and the amended location.

3. SAME—SAME—EVIDENCE—NONE THAT ORIGINAL LOCATION WAS IN-
VALID.—The making of an amended location is no proof that the
original location was invalid.

4. SAME—LOCATION NOTICE—EVIDENCE—PRIMA FACIE AS TO ACTS RE-
CITED AS HAVING BEEN DONE.—A location certificate is under the
laws of this territory *prima facie* evidence that the acts set out
therein have been performed by the locators of the claim.

5. APPEAL AND ERROR—REVIEW—EVIDENCE — SUFFICIENCY — MUST BE
GRAVE ERRORS IN RULINGS TO REVERSE.—Where the evidence supports
the verdict, this court will not disturb a judgment thereon, unless
there be grave errors in the rulings of the trial court.

APPEAL from a judgment of the District Court of the
Fourth Judicial District in and for the County of Yavapai.
R. E. Sloan, Judge.   Affirmed.

The facts are stated in the opinion.

F. E. Corbett, Herndon & Norris, and John J. Hawkins,
for Appellants.

T. W. Johnston, W. H. Barnes, and Franklin E. Brooks, for Appellee.

STREET, C. J.—The appellee, George H. Schuerman, filed in the land office at Prescott, Arizona, on the thirtieth day of April, 1895, an application for patent to a certain mining claim in Verde Mining District, Yavapai County, Arizona, called the "Wonderful." On the third day of August, 1895, and within the period of sixty days of publication of application, appellants filed in said land office their contest to said application for patent to said Wonderful mining claim, on the ground that 3.66 acres of land embraced in the Wonderful mining claim was the property of appellants, and within the limits of a certain mining claim belonging to them, called the Equator. Upon the filing of said contest the usual order was made in the land office stopping all further proceedings until the rights of the parties to that portion of said mining claim in contest could be ascertained by a court of competent jurisdiction.

Appellants thereafter instituted this suit against appellee, claiming title to, and the right of possession of, 3.66 acres of land embraced within the Wonderful mining claim, as well as within the Equator mining claim, as shown by a diagram

accompanying this opinion, by virtue of said Equator location made on the first day of January, 1884.

The action of appellants against appellee is in the nature of a suit to quiet title, under the provisions of paragraph 3132 of the Revised Statutes of Arizona, approved March 17, 1891, which reads as follows: "An action to determine and quiet the title of real property may be brought by any one having or claiming an interest therein, whether in or out of possession of the same, against another who claims an estate or interest adverse to him." Within the time for answering such complaint the defendant, Schuerman, filed a general denial; and afterwards, on the twenty-third day of August, 1897, one day before the cause was called for trial, filed an amended answer and cross-complaint, setting up title to the land in dispute by virtue of the said Wonderful mining location made on the eighteenth day of October, 1883, and asked that his title thereto be quieted against the claim of appellants. Defendant further alleged in his answer that at a date less than sixty days prior to the eleventh day of November, 1896, being the owner of the Wonderful lode, and in possession thereof, he made an amended location thereof, and did on the tenth day of December, 1896, cause to be recorded in the office of the county recorder a certificate of such amended location, all of which was done in accordance with the laws of the territory of Arizona and the statutes of the United States. Defendant, as a further defense to plaintiffs' complaint, alleged that on the seventeenth day of October, 1883, the Copper Chief mining claim was located, and that on the first day of January, 1884, it was a good and valid subsisting mining claim; and all the acts done or attempted in the location of the Equator claim were done and performed within the limits and upon the territory of the said Copper Chief mining claim; and that therefore the Equator location was void.

The contest between these parties in reference to the Copper Chief and Equator claims, or the conflict of territory amounting to 6.14 acres of land in common to those two claims, was decided by this court at the present term, and is reported in *Jordan* v. *Duke, ante,* p. 55, 53 Pac. 197.

By reference to the diagram accompanying this opinion, which is identical with the diagram accompanying that opinion, it will be seen that the Copper Chief and Wonderful loca-

tions lie virtually parallel to each other, and practically at right angles to the Equator claim, and it will also be seen what ground is in dispute in each contest. The dispute as to the ground in contest in this action is of a similar nature to the dispute in the case referred to between the Equator and the Copper Chief, and, as in that case, arises upon priority of location,—in that case, priority of location between the Copper Chief and the Equator; in this case, between the Wonderful and the Equator. A portion of the ground in dispute is within the surface lines of a mining claim located in December, 1879, by W. H. Ferguson in the name of G. V. Kell, James Biddle, and O. B. Wilcox, called the "Wartoga," which, because of some supposed defects in the location, was relocated by the same locator in the name of the same claimants in February, 1880. G. V. Kell, under the theory that the annual expenditure had not been made on the Wartoga in 1880 or 1881, performed acts of relocation of that claim on the second day of January, 1882. On the eighteenth day of October, 1883, Ferguson, ignoring the attempted location of Kell, made on January 2, 1882, and claiming that the annual expenditure had been performed on the Wartoga for the year 1881, but not for the year 1882 or 1883, made acts of location of ground largely within the line of the Wartoga location, and also of considerable ground outside, under the name of the Wonderful, including the ground in dispute, and claimed by appellee. Appellants claim the ground by virtue of the Equator location made January 1, 1884.

The questions submitted to the jury became narrowed to almost the single question whether the annual expenditure had been made on the Wartoga located by Ferguson for the year 1881. If it had been done, and the jury should so find, as they of necessity must find in rendering their verdict for appellee, the same result would be arrived at which was reached in the case of *Jordan* v. *Duke,* ante, p. 55, already referred to in the contest between the Copper Chief and the Equator, decided by the court at the present term, and reported in 6 Ariz. 55, 53 Pac. 197; and the reasoning there used by the court would as to similar facts be pertinent to the circumstances, conditions, and law of this case.

One of the assignments of error which appellants insist upon with vigor is, that the court refused to grant a continuance of

the trial of the cause upon their affidavit that the amended answer of appellee, setting up the location of the Wartoga and the Copper Chief claims, had taken them by surprise, and that they were not ready to proceed to trial. When we take into consideration the fact that the cause of *Jordan* v. *Duke,* heretofore referred to, had but a few months before been tried, and that the parties in this action were identical with the parties in that action; that, in the trial of that cause in the district court, a large body of the evidence had relation to all claims covered by any portion of the location of the Equator, including the Wartoga, the Wonderful, the Nellie, the Copper Chief, the Oak, and the Equator itself; and that evidence had also been considered as to the performance of the annual expenditure on all of said mines,—it seems impossible that these parties or their attorneys, who are the same in this cause as in the case between the Equator and the Copper Chief, could be surprised by appellee setting up any matters in relation to any of these locations. The granting or refusing a continuance is a matter within the discretion of the trial judge, and we cannot think that the rights of appellants have been in the least affected by the refusal of the trial judge to grant such continuance.

Appellants further insist upon their assignment of error in relation to the amended notice which appellee made of the Wonderful mining claim. Substantially the same question arose between these parties in the contest between the Equator and the Copper Chief, wherein the appellee, Schuerman, was added as a party defendant, and allowed to introduce evidence in regard to the amended location notice of the Copper Chief mining claim. We there said that the amended location notice did not inaugurate any new rights; it had relation to the original location. In contests of this nature there is always the struggle, first, to show that the adversary has no right to claim the ground against the other claimants; and each claimant seeks to obtain such a verdict as may enable him to obtain a patent from the government of the United States. And in this case the issue is of a three-ply nature—first, one between the Equator claim and the government; second, between the Wonderful claim and the government; third, between the Equator claim and the Wonderful claim.

It was perfectly legitimate to introduce evidence of the

amended location, except as against the rights of parties which have accrued between the time of the original location and the amended location. An instruction covering that point and protecting the appellants was given by the court as follows, to wit: "If you should find from the evidence that neither the original Wonderful location, nor the location of the Equator, was valid, but should find from the evidence that on the eleventh day of November, 1896, George H. Schuerman was the owner of the Wonderful lode, and should further find that on said date he made a valid location thereof, as hereinbefore defined, then the court instructs you that, in law, the said amended location dates back to the original location of the said Wonderful claim by W. H. Ferguson, October 17, 1883, and you should find for the defendant, unless you find that legal rights of the plaintiffs or other persons have intervened and become vested between October 17, 1883, and November 11, 1896. . . . You are further instructed that making such an amended location is no proof that the original location was not valid; and are also instructed that a location certificate is, under the laws of this territory, *prima facie* evidence that the acts set out in said amended location have been performed by the locators of the claim."

The balance of the assignments of error refers to the instructions of the court, all of which relate to the relocation of the Nellie claim, and to the resumption of work on Kell's Nellie at the time the Equator claim was located, all of which matters have been heretofore adjudicated between these parties and fully determined by this court in the case of *Jordan* v. *Duke, ante,* p. 55, 53 Pac. 197, as hereinbefore mentioned.

The crucial point of contest between appellants and appellee was as to whether the annual expenditure had been performed on the Wartoga claim in 1881, which was determinative of the question whether the Wonderful claim was locatable in 1883. This point has been decided by the verdict of a jury in favor of appellee, under evidence so plain and substantial, and so satisfactory to this court, that this court feels it ought not to disturb a judgment on that verdict unless there could be discovered some grave error in the rulings of the trial court. We find none. So far as the record discloses the rulings of the court on the trial, we are not able to

say such error was committed as to prejudice appellants in their contest. The judgment of the district court is affirmed.

Davis, J., and Doan, J., concur.