[Civil No. 771.  Filed March 19, 1902.]

[68 Pac. 538.]

## G. M. WILLARD et al., Defendants and Appellants, v. ALFRED CARRIGAN, Plaintiff and Appellee.

1. PLEADING AND PRACTICE—COMPLAINT—CAUSE OF ACTION—CONTRACT— QUANTUM MERUIT—COUNTS—ELECTION—COMMISSIONS — BROKER— REV. STATS. ARIZ. 1901, PARS. 1280, 1289, 1291, CONSTRUED.—Paragraph 1280, *supra,* provides that ''The complaint may contain several different causes of action.'' Paragraph 1289, *supra,* provides that ''The .complaint shall set forth . . . a concise statement of the causes of action . . . and shall also state the nature of the relief he demands.'' Paragraph 1291, *supra,* provides that ''Only such causes of action may be joined as are capable of the same character of relief.'' While in a general way, under the statutes, *supra,* a plaintiff who has but one cause of action will not be permitted to plead it as though he possessed two or more distinct demands, yet in a suit to recover broker's commission it is proper to deny a motion to compel plaintiff to elect between his counts before going to trial, the first being on an express contract, the second on a *quantum meruit,* this being a case in which the plaintiff is entitled to frame his pleading to meet the possible proofs which will for the first time fully appear on the trial.

2. SAME—TWO COUNTS ON SAME CAUSE OF ACTION—FINDING—EFFECT.— Where plaintiff brought suit to recover a broker's commission, and his complaint contained two counts,—one on an express contract, and the other on a *quantum meruit,*—a finding of the court in favor of the plaintiff on the first count was tantamount to a finding against him on the second.

3. PRACTICE—PRAYER FOR JOINT AND SEVERAL JUDGMENT—ENTERING SEPARATE JUDGMENTS FOR PROPORTIONATE AMOUNT—NOT ERROR PREJUDICIAL TO DEFENDANT.—Where plaintiff brought suit to recover broker's commission against five defendants jointly, and prayed for a joint and several judgment for ten thousand dollars, the court committed no error prejudicial to defendants in entering a separate judgment against each defendant for two thousand dollars.

4. APPEAL AND ERROR—FINDING—SUFFICIENCY OF EVIDENCE—REVIEW—
   BARTER v. PIMA COUNTY, 2 ARIZ. 88, 11 PAC. 62; JORDAN v. DUKE,
   4 ARIZ. 278, 53 PAC. 197; WEBBER v. KASTNER, 5 ARIZ. 324, 53 PAC.
   207; JORDAN v. SCHUERMAN, 6 ARIZ. 79, 53 PAC. 579, FOLLOWED.—
   A finding by the court below will not be disturbed if there is any
   evidence fairly tending to support it.

APPEAL from a judgment of the District Court of the
Fourth Judicial District in and for the County of Yavapai.
R. E. Sloan, Judge. Affirmed.

The facts are stated in the opinion.

Herndon & Norris, for Appellants.

Robert E. Morrison, Thomas C. Job, and W. C. Campbell,
for Appellee.

STREET, C. J.—Alfred Carrigan brought his action
against the appellants and R. L. Van Deren and Etta Wil-
lard, defendants, to recover the sum of ten thousand dollars
as commission for the sale of mining properties. Findings
of fact and judgment were for the plaintiff. The defendants
G. M. Willard, W. W. Nichols, and M. A. Carrier appeal
from such judgment.

Plaintiff's complaint contained two counts. The first count
alleged "that the defendants made and entered into an oral
contract with plaintiff, whereby he undertook to act as a
broker in procuring a purchaser for all said claims; and in
consideration of his services in that behalf to be performed
the defendants herein promised and agreed to and with him,"
etc. The second count alleged "that plaintiff, at the special
instance and request of defendants, performed certain ser-
vices as a broker for them in and about procuring a purchaser
for certain mining property; . . . that said services were rea-
sonably worth the sum of $10,000," etc. Before trial, de-
fendants moved the court to require plaintiff to elect upon
which of the two causes of action set up in his complaint he
would rely on for a judgment, because it appears that said
two counts are a double statement in different form of the
same cause of action; one being upon an express contract for
a fixed amount, the other upon *quantum meruit* for services
rendered. The statute of Arizona (par. 1280), like the stat-

utes of other states covering code pleadings, provides, ''The complaint may contain several different causes of action.'' It also provides (par. 1289): ''The complaint shall set forth clearly the names of the parties, a concise statement of the causes of action, without any distinction between suits at law and in equity, and shall also state the nature of the relief which he demands.'' It also provides (par. 1291): ''Only such causes of action may be joined as are capable of the same character of relief.'' The term ''different causes of action'' implies as many distinct causes of action as are held or claimed to be held by the plaintiff. At common law it was permissible to state the same cause of action in as many different ways as the pleader chose, and each method was called a count.· In a general way, under our statute and under the code system, the plaintiff who has but one cause of action will not be permitted to plead it as though he possessed two or more distinct demands. This rule, however, is not inflexible; it must yield to the demands of justice and equity. ''Under peculiar circumstances, when the exact legal nature of the plaintiff's right and the defendant's liability depend upon facts in the sole possession of the defendant, or upon facts which will not be developed until the trial, the plaintiff may set forth the same single cause of action in varied counts, and with differing averments, so as to meet the possible proofs which will for the first time fully appear on the trial.'' Pomeroy on Remedies, par. 576. In the case of *Wilson* v. *Smith,* 61 Cal. 209, the complaint there contained two counts; one alleging a promise to pay, and the other alleging a *quantum meruit.* Before the introduction of evidence the defendants moved the court to require the plaintiff to elect upon which count he would proceed. The court denied the motion. The supreme court said: ''We cannot say the ruling was erroneous. Under our code, which provides that the complaint must contain a statement of facts constituting the cause of action in ordinary and concise language, the plaintiff may set them out in two separate forms when there is a fair and reasonable doubt of his ability to safely plead them in one mode only.'' In the case of *Leeke* v. *Hancock,* 76 Cal. 127, 17 Pac. 937, the complaint was on the first count for money paid, laid out, and expended, on the second count for money lent, and on the third count for money had and received; each count

being separately stated. The prayer was for the sum alleged
in each count. The court found "that the plaintiff laid out
and expended for the use and benefit," etc., and failed to find
upon the issues made by the averments of the other counts
and the denials thereof. The finding and judgment of the
first count was held to be a finding and judgment against the
plaintiff upon the other counts. The court said: "Clearly,
in ordinary cases, there must be a distinct finding upon each
material issue. But in a case like the present the prayer may
be referred to as illustrating the scope of the action, and here
the prayer clearly indicates that the counts are in the alterna-
tive, the same cause of action being stated in different forms."
The court further stated that the right to rely upon a com-
mon count has been settled by the earlier decisions in that
state. In the case of *Remy* v. *Olds* (Cal.) 34 Pac. 216, the
complaint contained two counts; one for damages on a con-
tract, and the other to recover materials furnished, etc. The
defendants requested the court to require plaintiff to elect
upon which count or cause of action he would rely, and that
thereupon the other cause of action be dismissed. This the
court refused to do, and the ruling is assigned as error. In
that case the court said: "Conceding that this is an action
in which the same cause of action is differently stated in two
separate counts, still I think the ruling correct. The right to
so plead is well established here. [Citing cases from the
supreme court of California.] Since it is allowable to state
the cause of action in the alternate, using different counts in
order to meet any possible phase of the evidence, a party can-
not be deprived of the privilege by being compelled to strike
out all causes of action save one before the trial commences.
It would render the privilege a barren one." In the fifth
volume of the Encyclopedia of Pleading and Practice (p.
324) it is said: "In analogy to the common-law practice of
inserting money counts in every declaration in *assumpsit,* a
complaint may in one count charge a liability on a special or
expressed contract, and in another count may seek a recovery
on an implied contract"; and cites the states of Georgia, New
York, Iowa, and Minnesota. Also, in a note, it says: "The
question of granting or refusing a motion, made on the trial,
to compel the plaintiff to elect between an allegation of an
agreed price and an allegation of the reasonable value of

services, is within the sound discretion of the trial court'';
and cites several cases from Minnesota, one from Colorado,
and some from New York. Thus we will see that while, in a
general way, it is not permissible for a pleader to state his
one single cause of action in more than one way, yet there are
conditions and circumstances which make it permissible for
him to state it in as many ways as the proof may make neces-
sary. It is often difficult to tell in advance whether the evi-
dence will reveal an express contract or an implied contract.
Services may be rendered, and the fact of their having been
rendered and received is undeniable. The question of price
is but the one thing to be determined. That question may
depend upon a contract, or, in the absence of a contract, de-
pend upon value. The plaintiff may conceive that he has a
contract, and so allege it. The defendant may conceive that
there was no contract, and that the value was less than that
which was alleged by the plaintiff to be the contract price.
In such case it would not be right nor equitable for the plain-
tiff to lose his claim because he failed to prove his contract,
although he had rendered his services. Therefore he must be
allowed to plead it in different ways, and not run the hazard
of losing his claim by being compelled to elect upon which
class of evidence he must rely. It is plain that he has but
one cause of action. In a review of the evidence in this case
the condition of the evidence reveals just such a condition,
and the trial court committed no error when it refused to
require the plaintiff to elect upon which class of evidence he
would go to trial. The court found that the defendants made
and entered into an oral contract; and, not finding upon the
second count as to the value of the services, following the
decisions of other courts, it is a finding of fact against the
plaintiff upon the second count, or, as counsel term it, the
''second cause of action.''

The court rendered judgment that the plaintiff, Alfred
Carrigan, do have and recover of and from said defendants
the sum of ten thousand dollars, and his costs of suit, etc.,
and that he recover from each of said defendants such a part
of said sum of ten thousand dollars as they are each severally
liable for, as follows, to wit: G. M. Willard, two thousand
dollars; R. L. Van Deren, two thousand dollars; Etta Wil-
lard, two thousand dollars; W. W. Nichols, two thousand dol-

lars; M. A. Carrier, two thousand dollars. The appellants say that, if each of these five defendants is indebted to the plaintiff in the sum of two thousand dollars, that plaintiff has missed his remedy. He should have brought five separate suits against five separate defendants. Such a conclusion does not follow. If there be error in the judgment, it is against the plaintiff, instead of the defendants; for plaintiff asked for a judgment against all of the defendants jointly and separately in the sum of ten thousand dollars, whereas there has been but a separate judgment entered against these appellants in the sum for one fifth of the amount against each. Contracts may be drawn so that in pursuing the remedies under them through the courts but one cause of action exists against many, and yet the evidence may disclose the fact that in rendering a judgment against all the amount for which each is liable is but a moiety of the whole.

The principal contention of the appellants is that the findings of the court are against the evidence, and are not supported by it, and that the judgment is against the evidence, and not supported by it, and that the findings and judgment are not supported by the pleadings. This court has frequently laid down the rule upon the question of review of the facts. One of its expressions is: "If there is evidence to support it [the verdict], unless there be error in the court in directing the issues, or in the introduction or rejection of evidence, or in the instructions to the jury, it must stand." *Jordan* v. *Duke*, 4 Ariz. 278, 53 Pac. 197. Another is: "Unless findings of a court are manifestly against the weight of evidence, the supreme court will not disturb them." *Webber* v. *Kastner*, 5 Ariz. 324, 53 Pac. 207. Another is: "Where a verdict and judgment are supported by the evidence, they will not be disturbed on appeal, unless substantial error appears on the record." *Jordan* v. *Schuerman*, 6 Ariz. 79, 53 Pac. 579. Again: "The findings of the trial court upon controverted questions of fact cannot be deemed erroneous, except for very forcible reasons." *Henry* v. *Mayer*, 6 Ariz. 103, 53 Pac. 590. Again: "Where the evidence is conflicting, the decision of the lower court will be affirmed." *Barter* v. *Pima*, 2 Ariz. 88, 11 Pac. 62. We understand the rule to be that a finding by the court below will not be disturbed if there is any evidence fairly tending to support it. In reviewing the evidence to

determine whether the findings and the judgment are against the evidence, and not supported by it, we have read the evidence as it appears upon the transcript on appeal, and we find that the evidence goes beyond the necessity of invoking the rule of doubt. We believe that the findings and the judgment are very fairly supported by the evidence, and that the conclusions of the court therefrom are correct. We believe that under the evidence the plaintiff was fairly entitled to a judgment against the defendants. We believe that a purchaser for the mines was obtained through the instrumentality of the plaintiff, under a contract which he had with the defendants. It is upon this point that appellants have so strenuously argued, and upon which the whole case on appeal mainly rests; yet we have reviewed other assignments of error, and see no reason for reversing the judgment of the court.

The judgment of the district court is affirmed.

Davis, J., and Doan, J., concur.