[Civil No. 781.  Filed March 20, 1903.]
[71 Pac. 912.]

## JOHN STOFFELO, Defendant and Appellant, v. MANUEL L. MOLINA, Plaintiff and Appellee.

1. JUDGMENT—RECORD—EVIDENCE—SUFFICIENCY—WILLARD v. CARRIGAN 8 ARIZ. 70, 68 PAC. 538 CITED.—To enable the appellate court to affirm a judgment of the lower court in favor of a plaintiff therein, the record must disclose some positive, affirmative evidence in support thereof.

2. SAME—SAME—SAME—SAME—DESCRIPTIONS—FINDING.—In an action in ejectment, where the only affirmative evidence in support of plaintiff's allegation of title was documentary, showing that plaintiff was the owner of a certain strip of land, it is insufficient to support a judgment in his favor, the description of the land in controversy being given in the complaint from local objects, and no evidence being introduced showing that the land described in the complaint was the same as that described in the documentary evidence.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Yuma. Webster Street, Judge.  Reversed.

The facts are stated in the opinion.

Thomas Armstrong, Jr., and Pierce Evans, for Appellant.

W. F. Timmons, for Appellee.

DOAN, J.—An action in ejectment was brought in the district court of Yuma County, Arizona, on the twenty-ninth day of January, 1901, by Manuel L. Molina against John Stoffelo.  The plaintiff set up in his complaint that on the thirty-first day of January, 1900, he was entitled to the possession of "all that certain parcel and piece of land situate, lying and being in lot 1, block 11, in the village of Yuma, county of Yuma, territory of Arizona, and bounded as follows, to wit: Commencing at the northwest corner of the store building belonging to the defendant, John Stoffelo, and now occupied by Robertson & Devane, druggists, and running thence northerly three and 8/10 feet; thence west-

erly about 95 feet to the eastern boundary line of the property owned and occupied by P. G. Cotter; thence southerly ten feet to a point 41 feet south of the southwest corner of C. D. Baker's lot in lot 1, block 11; thence easterly about 94 feet to the point of beginning''; alleged ouster and adverse possession by the defendant; and prayed for judgment for possession, damages, and costs. The defendant answered by general demurrer, general denial, and plea of not guilty. Abstracts of title were filed by plaintiff and defendant; also certified copies of the conveyances mentioned in said abstracts. No oral testimony whatever was introduced. No evidence of possession or dispossession was offered by either party. The plea of not guilty, however, admitted the possession by defendant of the property described in the complaint. The case was submitted to the court on the documentary evidence, and, solely upon the title papers submitted, the court found as a fact that the plaintiff was the owner of and entitled to the possession of the premises as described in the complaint, and rendered judgment in favor of the plaintiff for such possession and for costs. A motion for a new trial was denied, and an appeal was taken from such judgment and order.

The appellant has assigned as errors the following: ''First. The court erred in giving judgment for the plaintiff, for the reason that no testimony whatever was offered showing that plaintiff had any title to the land in question. Second. The court erred in giving judgment for the plaintiff upon the deeds submitted to it, for the reason that . . . . it is impossible to determine from the inspection of said deeds alone what land was claimed by the plaintiff. Third. The court erred in giving judgment for the plaintiff, for the reason that no testimony was submitted identifying the land described in the complaint as the same as that described in the deeds of conveyance to the plaintiff, and without such testimony it is impossible to identify such land.''

The deeds placed in evidence establish the title in different persons to different parts of the said lot 1, block 11. It is satisfactorily established by this documentary evidence that the plaintiff, Manuel L. Molina, is the owner of a strip of land six feet ten inches in width by one hundred and forty-three feet in length in the east half of said lot and block,

the north line of said strip being parallel to and two hundred
and fifty-six feet one inch south of the north line of said lot
1; that one J. M. Molina was at one time the owner of a
strip of land thirty-eight feet wide on the west end, one
hundred and thirty-three feet long on the south side, about
twenty-seven feet wide at the east end, and one hundred and
forty-three feet long on the north side immediately south of
and adjoining the strip of land owned by the plaintiff,
Manuel L. Molina; and that the said J. M. Molina executed
a deed to the defendant, Stoffelo, purporting to convey to him
the south half of said lot 1 in block 11. There is no evidence
in the record that Stoffelo's grantor ever had any title to or
right to convey any other part of the south half of the said
lot 1, block 11, than the thirty-eight-foot lot above mentioned,
and lying south of and adjoining the land of plaintiff.
Neither is there any evidence in the record that the defendant
Stoffelo ever claimed title to or had possession of any other,
or that there is any conflict between said thirty-eight-foot lot
and the strip of land six feet ten inches wide owned by plain-
tiff. There is no evidence whatever that the land described
in the complaint was any part of that to which title is shown
in the plaintiff. There is no evidence establishing or tending
to establish the fact that there is a store building belonging
to John Stoffelo anywhere on said lot and block or elsewhere.
There is no evidence whatever as to the eastern boundary line
of the property owned and occupied by P. G. Cotter, or that
P. G. Cotter owns any property whatever in lot 1 or else-
where. There is no evidence whatever to locate the southwest
corner of the property of C. D. Baker in said lot 1, block 11.
Neither the abstract of title nor any of the deeds placed in
evidence contain in them the mention of the name of C. D.
Baker or P. G. Cotter. The court, therefore, erred in finding
that the plaintiff was the owner of and entitled to the pos-
session of the land described in the complaint, because there
was no evidence in the case on which to base such finding.

The rule that has prevailed in this court that the findings
and judgment of the lower court will not be disturbed for
want of evidence where the record discloses any competent
evidence in support thereof (*Willard* v. *Carrigan*, 8 Ariz.
70, 68 Pac. 538, and cases cited) is predicated upon the
elementary principle that it requires some evidence to sup-

port a finding and judgment for plaintiff. To enable this court to affirm a judgment of the lower court in favor of a plaintiff therein, the record must disclose some positive, affirmative evidence in support thereof. *Crawford* v. *Birkins,* 16 Colo. App. 532, 66 Pac. 687; *Stamm* v. *City of Albuquerque,* 10 N. M. 491, 62 Pac. 973; *Silberhorn* v. *Wheaton* (Cal.), 51 Pac. 689. In this case the only affirmative evidence in support of plaintiff's allegation is the documentary evidence of title to the certain tract of land described by courses and distances from a given point on the east line of lot 1 of block 11, and located within that lot, which contains more than one hundred times as great an area as plaintiff's tract. The description of the tract of land in controversy is given in the complaint from local objects, being the corners of buildings, or of tracts of land, owned or occupied by other persons, but there is not found in the record any evidence whatever relative to any of such local objects, either buildings or tracts of land, the lines or corners of which are mentioned in said description. It might have been susceptible of proof that the description by corners of buildings, lines, and corners of lots referred to in plaintiff's complaint would indicate a piece of land located partially upon the tract to which plaintiff proved title; but this was not done, and, in the absence of any evidence whatever to that effect, the judgment in favor of the plaintiff must fall. It may be possible that the plaintiff can on a new trial in the lower court either support the description in his complaint by evidence that will locate the land therein described, or a part of it, upon the tract of land to which he has established title, or that he may amend his complaint by such fuller and further description as may enable him to establish such location; but he has certainly entirely failed to do so in the case at bar.

The judgment of the lower court is reversed, and the case is remanded for a new trial.

Kent, C. J., Sloan, J., and Davis, J., concur.