[Civil No. 1228.   Filed March 27, 1913.]

[130 Pac. 1112.]

## J. S. MILES, Appellant, v. FRANZ LUMBER COMPANY, Corporation, Appellee.

1. APPEAL AND ERROR—CONCLUSIVENESS OF FINDING—SUBSTANTIAL EVIDENCE.—The judgment of the trial court will not be disturbed, where there is any substantial evidence fairly tending to support it.

2. TRIAL—TRIAL BY COURT—WEIGHT OF EVIDENCE—INCONSISTENCY BETWEEN ADMISSION IN SWORN ANSWER AND TESTIMONY OF PARTY.— A party plaintiff testifying is more than a mere witness, and is an actor seeking the intervention of judicial power in his behalf, so that, after having admitted certain facts in his sworn answer, the question what weight was to be given to his testimony explaining the falsity of such admission was for the trial court.

APPEAL from a judgment of the District Court of the Fifth Judicial District, in and for the County of Gila. E. W. Lewis, Judge. Affirmed.

The facts are stated in the opinion.

Mr. F. C. Jacobs, for Appellant.

Mr. Neil M. Allred, for Appellee.

FRANKLIN, C. J.—This is an action for the foreclosure of a materialman's lien. The plaintiff had judgment in the court below with a foreclosure of the lien. The appeal is from the judgment and the order denying defendant's motion for a new trial.

The complaint, which was sworn to, so far as it is material to be considered on this appeal, alleges that defendant made a contract with one Clark Kendall for the construction and improvement of certain trade fixtures in a storeroom occupied by defendant in the city of Globe; that in pursuance of said contract, and at the instance and request of said Kendall, the plaintiff furnished lumber and material which was used in the construction of said improvements; and alleges the reasonable value thereof. The defendant in his answer, under oath, admits the furnishing and use of the material under the con-

tract, as aforesaid, but takes issue as to the reasonable value of the same. Upon the issues thus presented the case went to trial, and the defendant in his testimony attempted to explain that the admissions made in his sworn answer were false, in that he never employed or contracted with or authorized said Clark Kendall to purchase or obtain said material or perform said labor. On June 26, 1911, judgment was rendered for plaintiff, and subsequently thereto and on July 1, 1911, the defendant filed an amended answer, verified, in which he denied making the contract admitted in his original answer. What bearing this amended answer, filed four days after a final judgment in the cause, has on the issues presented to the trial court, we are not advised by appellant, and we can see none, so that the filing of the amended answer may be disregarded, the issue standing on the sworn admission in the original answer, and attempted explanation of the admission made by the defendant when testifying.

It is submitted that the judgment is not supported by the evidence, but as is very frequently the case, appellant rests his assignment largely on testimony given in support of his theory, ignoring the fact that such testimony was in conflict with that produced by the plaintiff, or, if not in conflict, might have been discredited by the court. It would serve no useful purpose to analyze the evidence in detail; suffice it to say that, aside from the admission of defendant in his answer as to the making of the alleged contract, there is evidence in the record fairly tending to support the allegations that such contract was made, and also that the reasonable value of the material was the amount as found by the court.

The rule has frequently been laid down upon the question of a review of the facts. The judgment of the court below will not be disturbed if there is any substantial evidence fairly tending to support it. *Jordan* v. *Duke,* 4 Ariz. 278, 36 Pac. 896; *Webber* v. *Kastner,* 5 Ariz. 324, 53 Pac. 207; *Jordan* v. *Schuerman,* 6 Ariz. 79, 53 Pac. 579; *Henry* v. *Mayer,* 6 Ariz. 103, 53 Pac. 590; *Barter* v. *Pima,* 2 Ariz. 88, 11 Pac. 62; *Willard* v. *Carrigan,* 8 Ariz. 70, 68 Pac. 538.

Upon the question as to what, if any, weight was to be given to the testimony of defendant, in his explanation of the falsity of a deliberate admission made in his sworn answer, it was peculiarly within the province of the lower court to de-

cide. The principle has been very well stated in the case of *Smith* v. *Boston Elevated Ry. Co.*, 184 Fed. 387, 37 L. R. A., N. S., 429, 106 C. C. A. 497: "As the inconsistency is in the testimony of a party, a stricter rule is applicable than where the inconsistency is in the testimony of an ordinary witness. Previous inconsistent statements of a witness other than a party ordinarily go merely to the credit of the witness, and upon a second trial it may be left to a jury to decide which of the inconsistent statements is to be credited. The sworn testimony of a party, who has control of his case, with power to bind himself conclusively by pleadings, stipulations, or admissions, as to the facts resting upon his own knowledge, is of such solemn character that, in the absence of a clear showing of mistake, inadvertency, or oversight, it should ordinarily be regarded as precluding him from seeking to establish before another jury an inconsistent state of facts. While it is true that upon a second trial the plaintiff's case may be changed or strengthened by new testimony, yet the right of a plaintiff at a second trial to make by his own testimony a complete departure from the case presented at the first trial is not unlimited. A plaintiff, we think, after having sworn to facts resting in his own observation and knowledge before one jury, should not be permitted to swear to facts directly inconsistent, and to obtain from a second jury a verdict in his favor which will involve the conclusion that his testimony at the first trial was knowingly false. A party testifying under oath is more than a mere witness. He is an actor seeking the intervention of the judicial power in his behalf, and thus subject to the rule '*allegans contraria non est audiendus,*' which, as stated in Broom's Legal Maxims, page 130, 'expresses in technical language the trite saying of Lord Kenyon that a man should not be permitted to "blow hot and cold" with reference to the same transaction, or insist at different times on the truth of each of two conflicting allegations according to the promptings of his private interest.' "

For the reasons given, the judgment of the lower court is affirmed.

CUNNINGHAM and ROSS, JJ., concur.