[Civil No. 4060. Filed October 2, 1939.]

[94 Pac. (2d) 434.]

THE ATCHISON, TOPEKA and SANTA FE RAILWAY COMPANY, a Corporation, Appellant, v. MYRTLE CARRELL FRANCE and A. C. FRANCE, Her Husband, Appellees.

Messrs. Fennemore, Craig, Allen & Bledsoe, for Appellant.

Mr. V. L. Hash, for Appellees.

LOCKWOOD, J.—Myrtle Carrell France, hereinafter called plaintiff recovered a judgment against the Atchison, Topeka and Santa Fe Railway Company, a corporation, hereinafter called defendant, for damages which plaintiff alleged she received as a result of defendant's negligence while she was traveling on a train operated by it between Prescott and Phoenix, Arizona. The case was tried to a jury which returned a verdict in her favor in the sum of twelve hundred dollars, and defendant has appealed.

There are six assignments of error which raise three questions of law for our determination, and which we shall consider in their proper order.

The first is that the verdict and judgment are not supported by the evidence. We have carefully read the entire transcript of evidence, and we find therein an extremely sharp conflict on the essential facts. It is the testimony of plaintiff that she was traveling in a sleeping car operated by defendant between Albuquerque and Phoenix, and that while she was in her berth in said car, about five thirty A. M., October 20, 1937, the defendant was negligently operating the train at such a high rate of speed, in view of the condition of the roadway and curves in the said railway between Prescott and Phoenix, that plaintiff was thrown from the berth in which she was sleeping, with great force and violence, and injured thereby.

There is no evidence supporting plaintiff's testimony as to being thrown from her berth. There is medical testimony that three days after plaintiff claimed she was thus injured, she was examined and her body was found to be severely bruised, and that, in the opinion of the examining physician, she had received a strain of the sacro-iliac joint, which persisted for a considerable period of time and, in the opinion of the physician, was not entirely healed at the time of the trial, six or seven months after the alleged injury occurred.

There were many witnesses who were traveling on the train at the time of the alleged accident, and while none of them gave evidence which directly contradicted that of plaintiff, yet there was a very large amount of testimony as to certain facts which was utterly inconsistent with much of the evidence of plaintiff.

If we were sitting as jurors in the present case, we might hold that the decided weight of the evidence was against the verdict. Were we in the position of the trial judge, with his authority in regard to setting

aside of the verdict and granting a new trial on the weight of the evidence, we would certainly grant a motion to that effect, but we are an appellate tribunal, with the limitations imposed on a court of that character. We have held practically ever since the establishment of this court in the early seventies that we will not disturb a verdict and judgment because we believe it contrary to the weight of the evidence, but will only set it aside when there is no evidence to sustain it, or when the evidence is either physically impossible or so incredible that we are compelled to hold that the verdict was the result of prejudice and passion on the part of the jury. *Inter-state Fidelity B. & L. Assn.* v. *Hollis,* 41 Ariz. 295, 17 Pac. (2d) 1101; *Wright* v. *Young,* 20 Ariz. 46, 176 Pac. 583; *Otero* v. *Wheeler,* 21 Ariz. 50, 185 Pac. 359; *Butler* v. *Shumaker,* 4 Ariz. 16, 32 Pac. 265.

 After a careful review of all the evidence in this case, we are compelled to hold that it is not so incredible nor inherently improbable that we would be justified in saying, as a matter of law, that the verdict was not sustained by the evidence, or was based on the passion and prejudice of the jury. Nor can we say the amount of the verdict is so excessive as to show the jury was actuated by improper motives. The medical evidence on the part of plaintiff shows an injury of more than casual importance, and the jury evidently accepted it. Whether this testimony was correct is not within our province to decide.

We consider next the refusal of the court to grant defendant's requested instruction number five, which reads as follows:

"You are instructed that negligence is the omission to do something which a reasonably prudent man, guided by those considerations which usually regulate the conduct of human affairs would do; or is the doing of something which a prudent and reasonable man,

guided by those same considerations would not do; it is not intrinsic or absolute, but is always relative to the surrounding circumstances of time, place and persons.''

The court refused to give it, but gave the following:

''You are instructed that a carrier of passengers for hire is required under the law to exercise the highest degree of care for the safety of its passengers which is practicable under the circumstances, and that a failure to exercise the highest degree of care practicable under the circumstances amounts to negligence.''

''You are further instructed that if you believe from a preponderance of the evidence that the defendant failed to exercise the highest degree of care for the safety of plaintiff which was practicable under the circumstances as alleged in plaintiffs' complaint and that by reason thereof plaintiff Myrtle Carrell France suffered the injuries complained of as alleged in plaintiffs' complaint, then your verdict should be for the plaintiffs.''

■ It is urged that this was prejudicial error. We must, of course, consider the instructions taken as a whole, and the character of the case, in answering this question.

■ The action was one to recover for the alleged negligence of a common carrier of a passenger for hire. We have had before us the question of the duty of such a carrier in the case of *Southern Pac. Co.* v. *Hogan,* 13 Ariz. 34, 108 Pac. 240, 241, 29 L. R. A. (N. S.) 813. Therein we said that

''as a common carrier of passengers, the railroad is bound to exercise the highest degree of care practicable under the circumstances'',

and this rule is upheld by the vast majority of the cases which have considered the question. We see no reason to depart from that rule.

■■ The instructions given by the court of its own motion do correctly state the duty of a carrier for hire to its passengers and that a failure to exercise the highest degree of care practicable under the circumstances amounts to negligence, but is this instruction sufficient so that the case may be presented properly to the jury? It is true, however, as claimed by the defendant in its requested instruction, that the duty of a prudent and reasonable man is not intrinsic nor absolute, but is always relative to the surrounding circumstances of time, place and persons, and this applies to common carriers, as it does to all others.

■ In view of the peculiar character of the evidence in this case, we think that the failure to give the instruction requested by the defendant tended to mislead the jury, by failing to point out sufficiently to it the limitations on the care required even of a common carrier for hire. Under some circumstances this failure to give the suggested instruction, even though, as we have said, it correctly states the law, might not have been prejudicial, but we think in the present case it was.

The judgment is set aside, and the case remanded with instructions to grant a new trial in accordance with the opinion expressed herein.

ROSS, C. J., and McALISTER, J., concur.