696 P.2d 1379

**Augusta M. BLOCK, Plaintiff-Appellant,**

**v.**

**Marvin MEYER and Shirley Ann Meyer, husband and wife; and Sun Valley Bus Lines, Inc., a corporation, Defendants-Appellees.**

**No. 1 CA–CIV 7026.**

Court of Appeals of Arizona, Division 1, Department A.

March 12, 1985.

Law Offices of John W. Nelson, P.C. by John W. Nelson and Charles I. Friedman, Phoenix, for appellant.

Jennings, Strouss & Salmon by Ted A. Schmidt, Jefferson L. Lankford, Phoenix, for appellees.

FROEB, Judge.

Two issues are presented in this appeal from a judgment entered upon a jury verdict in favor of the defendant bus company in a negligence action:

(1) Whether the trial court erred by precluding [plaintiff] from cross-examining the bus driver regarding certain prior incidents to show his lack of competence or truthfulness; and

(2) Whether the trial court erred by refusing [plaintiff's] requested instructions regarding the duty of a common carrier to its passengers and by giving defendants' requested instructions.

We find no error requiring reversal and affirm the judgment.

The facts, viewed in a light most favorable to the defendants and giving the defendants the benefit of all reasonable inferences arising from that favorable view of the evidence, are as follows. Plaintiff Augusta M. Block organized tours from Sun City, Arizona, to Las Vegas, Nevada. She contracted with defendant Sun Valley Bus Lines to provide transportation to and from Sun City to Las Vegas, and around Las Vegas. On February 14, 1980, co-defendant Marvin Meyer, an employee of defendant, was the bus driver on the tour.

To exit the bus used on the tour, a passenger descended three steps. Absent a

curb, the distance from the last step to the ground was fifteen to eighteen inches. The bus, however, generally pulled up to a curb. The only exceptions were at one stop in Sun City and at the Hacienda Casino in Las Vegas.

The passengers were generally senior citizens in varying stages of health and with various powers of ambulation. Many needed someone available to assist them on and off the bus. Because of the rather severe drop-off from the last step, a portable step was put into place if there was no curb. The driver always got the portable step from its storage place in the luggage compartment and put it into place for the passengers to descend. Also, plaintiff, due to a medical problem, was overweight and required some aid in exiting the bus.

On February 14, 1980, the bus, on the routine tour, made a stop at the Hacienda. It was twilight or darker. The bus stopped in the parking lot. The driver went to get tickets to the show at the Hacienda. As he was returning, and was approximately 25 to 30 feet from the bus, he saw plaintiff descending the steps of the bus. He had not put the portable step in place. It was normal for the passengers, including plaintiff, to wait until the driver returned before they would exit the bus. Plaintiff was usually the first passenger off the bus.

However, on this occasion, William Arlt, who did not require the portable step to get off the bus, was the first person off the bus. Arlt, a friend of plaintiff's, commonly went on the tours. He commonly assisted plaintiff in tasks such as distributing tickets. Arlt looked up at plaintiff, who was still on the bus, and asked her "are you ready?" to which plaintiff said, "Yeah." As plaintiff put one foot down from the last step, she realized that the portable step was not in place.

Arlt, to keep plaintiff from falling forward, pushed her backwards onto the bus. She fell back onto her right leg, causing injury to her right knee. Thereafter, in Las Vegas, she used a wheelchair, but did not seek medical care. After returning to Sun City, however, she did seek medical care. The fact of injury and the medical expenses attendant thereto are not disputed issues in this case.

Plaintiff filed a complaint against defendant and Meyer for their alleged negligence in failing to use the necessary care in assisting her to disembark from the bus. The case was tried to a jury. The jury returned a verdict in favor of the defendant and Meyer and judgment was entered thereon. Plaintiff's motion for a new trial was denied. Plaintiff appealed both from the judgment and the order denying the motion for new trial.

Plaintiff's first argument is that the trial court erred by limiting cross-examination of the bus driver, Meyer, regarding previous incidents in his career as a bus driver. These were documented in his personnel file. Plaintiff sought to question Meyer about the incidents to attack his credibility. The incidents which plaintiff sought to introduce into evidence were:

(1) several traffic citations;

(2) an instance in which he allegedly backed into a building and tried to settle the matter himself without contacting his employer; and

(3) Sun Valley's placement of Meyer on probation for attempting to collect reimbursement for expenses not actually incurred.

Plaintiff argues that the above were relevant because Meyer testified on cross-examination that he was a competent driver and an honest man. Plaintiff's counsel did not argue at trial that the personnel file itself should have been admitted, but only that he should have been able to cross-examine Meyer on the above matters.

The issue came up in the following trial context. On cross-examination of Meyer as part of plaintiff's case-in-chief, Meyer was asked:

Q. Do you consider yourself to be a competent driver?

A. Yes, I do.

Q. Do you consider yourself to be an honest man?

A. Yes, I do.

Q. Isn't it true that on November—

MR. SCHMIDT [counsel for appellees]: Your Honor, may we approach the bench for just a moment, please?

THE COURT: You may.

After hearing argument from both counsel, the court ruled:

If he had a felony conviction, I'd let you do that, but the rest of that stuff is either irrelevant or even if slightly relevant, is—the bad outweighs the good part.

It may be that I took a quarter out of the collection box when I was a kid, does that mean I'm a liar? I don't know. The rules don't permit it.

Defendant and Meyer make the preliminary argument that plaintiff did not make an offer of proof and therefore cannot raise on appeal the argument that the exclusion of the cross-examination testimony was error. We disagree.

■ Rule 103(a)(2), Arizona Rules of Evidence, states that a ruling excluding evidence may be raised as error only if:

In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.

As noted in *Tate v. Connel*, 3 Ariz.App. 534, 540, 416 P.2d 213, 219 (1966), when the precluded question is cross-examination of an adverse party, "an offer of proof is impracticable and unnecessary in order to predicate error." Counsel for plaintiff precisely stated to the court the three incidents as to which he intended to cross-examine Meyer. He could reasonably assume that Meyer would admit the incidents. The questions and expected answers of the attempted examination are clear, and therefore we may review the issue. *See, e.g., Gaston v. Hunter*, 121 Ariz. 33, 588 P.2d 326 (App.1978).

■ The admission or exclusion of the proffered testimony turned on rule 608(b), Arizona Rules of Evidence:

Specific instances of the conduct of a witness, for the purpose of attacking ...

his credibility, other than conviction of a crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness....

Initially, we note that there is no indication that the traffic citations have any bearing on Meyer's truthfulness. Therefore, preclusion of cross-examination on those incidents was clearly proper.

■ As to the other two matters, the Arizona Supreme Court has held that under rule 608(b), Arizona Rules of Evidence, the trial court has discretion to allow cross-examination of a witness about his specific acts of misconduct, if they are probative of truthfulness, even though the witness has not been convicted of any crime in connection with the acts. *State v. Woods*, 141 Ariz. 446, 687 P.2d 1201 (1984). The court, however, noted that "the utility of the evidence must be weighed by the trial judge against the possibility of prejudice under rule 403, Arizona Rules of Evidence." 687 P.2d at 1205. Here, the evidence of the backing-up accident and the improperly sought expenses would have required foundation and then, no doubt, would have been contested or explained by Meyer. Thus, these collateral matters would have unnecessarily consumed time and confused the issues. 687 P.2d at 1205. There was also the danger of unfair prejudice to Meyer.

Moreover, the prior incidents would only show that Meyer was concerned about his job, and thus had a motive to lie. That motive would already be apparent to the jury.

The trial court's statements show that it weighed the "good against the bad," and exercised its discretion to bar the cross-examination. We find no abuse of discretion.

■ Plaintiff's argument, that rule 611, Arizona Rules of Evidence, mandates wide-open cross-examination to attempt to attack the credibility of a witness, is without

merit. Rule 611(a) states that, "The court shall exercise reasonable control over the mode ... of interrogating witnesses and presenting evidence so as to ... (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." As noted in *State v. Zuck*, 134 Ariz. 509, 513, 658 P.2d 162, 166 (1982):

> While wide latitude should be granted in cross-examination, (citation omitted) this does not confer a license to run at large, and the trial court can curtail cross-examination's scope. (Citation omitted). [R]ule 403 gives courts power to protect witnesses against cross-examination that does little to impair credibility, but that may be invasive of their privacy. The court may prevent cross-examination into collateral matters of a personal nature having minor probative value and tending to bring up collateral matters ... which would require unnecessary use of court time.

The second argument raised by plaintiff is that the trial court erred in giving instructions which placed only a standard of ordinary care upon the defendants, rather than a standard of "the highest decree of care practicable under the circumstances." Plaintiff also argues that the trial court erroneously failed to instruct the jury "that one who voluntarily assumes a duty must give reasonable notice if he intends no longer to perform it."

The jury was instructed on negligence in accordance with Maricopa Recommended Jury Instruction (Civil) No. 8:

> Negligence is the failure to use reasonable care. Negligence may consist of action or inaction. A person is negligent if he fails to act as an ordinarily careful person would act under the circumstances.

The court also gave defendants' requested Instruction Number 7:

> A common carrier must exercise due or ordinary care in providing reasonably safe and convenient means for the assistance and protection of passengers in getting on and off a bus.

Last, the court gave defendants' requested Instruction Number 5:

> A bus carrier is not an insurer of the safety of the passengers. The passengers must assume the ordinary and usual danger and perils of such trips.

Although plaintiff requested several instructions regarding the "higher" duty of a common carrier, plaintiff's requested Instruction Number 5 is representative of all:

> The duty imposed upon a bus company, as a common carrier, to exercise the highest degree of care for the safety of its passengers includes an obligation to provide facilities and assistance for getting off the bus where the facts and circumstances make such facilities and assistance necessary.

Also, the court refused plaintiff's requested Instruction Number 9:

> A person who voluntarily assumes a duty toward another person to protect her from injury is negligent if he did not continue to perform such a duty in a reasonably careful manner, unless he gave reasonable notice of his intent to no longer perform such a duty.

The trial court did not express reasons for its rulings on the instructions.

■ We find no error in the trial court's failure to instruct the jury that a common carrier owes its passengers the highest standard of care practicable, or words to that effect. While several Arizona opinions have stated that, *in dicta*, we have found no case which holds that it is reversible error to instruct the jury that a common carrier merely owes a duty of reasonable care toward its passengers.

In fact, the opposite is indicated in *Atchison, Topeka and Santa Fe Railroad v. France*, 54 Ariz. 140, 94 P.2d 434 (1939). There, the allegation was that the railway, operating the train at undue speeds under the conditions, caused the plaintiff to be thrown from her sleeping berth, causing injury to her. The court refused defendant's requested instruction:

> You are instructed that negligence is the omission to do something which a

reasonably prudent man, guided by these considerations which usually regulate the conduct of human affairs would do; or is the doing of something which a prudent and reasonable man, guided by those same considerations would not do; it is not intrinsic or absolute, but is always relative to the surrounding circumstances of time, place and persons.

54 Ariz. at 143–44, 94 P.2d 434. Instead, the trial court gave the following instruction:

You are instructed that a carrier of passengers for hire is required under the law to exercise the highest degree of care for the safety of its passengers which is practicable under the circumstances and that a failure to exercise the highest degree of care under the circumstances amounts to negligence.

You are further instructed that if you believe from a preponderance of the evidence that the defendant failed to exercise the highest degree of care for the safety of plaintiff which was practicable under the circumstances as alleged in plaintiffs' complaint ... then your verdict should be for the plaintiffs.

54 Ariz. at 144, 94 P.2d 434. The plaintiff argued that the trial court thereby committed prejudicial error.

The appellate court found that although the given instructions "do correctly state the duty of a carrier," it was concerned:

[I]s this instruction sufficient so that the case may be presented properly to the jury? It is true, however, as claimed by the defendant in its requested instruction, that the duty of a prudent and reasonable man is not intrinsic nor absolute, but is always relative to the surrounding circumstances of time, place and persons, and this applies to common carriers, as it does to all others.

In view of the peculiar character of the evidence in this case, we think that the failure to give the instruction requested by the defendant tended to mislead the jury, by failing to point out sufficiently to it the limitations on the care required even of a common carrier for hire. Un-

der some circumstances this failure to give the suggested instruction, even though, as we have said, it correctly states the law, might not have been prejudicial, but we think in the present case it was.

54 Ariz. at 145, 94 P.2d 434. *See also* Note, *Standard of Care Required of Common Carrier Toward Paying Passengers,* 7 Ariz.L.Rev. 164 (1965).

Also supportive of our conclusion is *Frederick v. City of Detroit,* 370 Mich. 425, 121 N.W.2d 918 (1963). The trial court there instructed the jury that negligence was "the failure to use that amount of care that a reasonably prudent person would use under the circumstances." 121 N.W.2d at 919. The appellant argued that the trial judge erred by not instructing the jury that plaintiff was owed a high degree of care, not just ordinary care. The appellate court noted that judicial statements about the high degree of care to be exercised by carriers "should not be, as it has been and is sought here to be, taken as a pronouncement of a different, more exacting, standard of care required of carriers nor should such appellate judicial language be considered appropriate for use in instructing jurors." 121 N.W.2d at 921. The court reasoned:

By instructing the jury that high care or the highest care is required of carriers, a court impinges upon the jury's obligation to determine the carrier's compliance with its duty of due care by consideration of the proofs of what a reasonably prudent carrier would have done in the circumstances disclosed by the evidence.

121 N.W.2d at 923. *See also Union Traction Co. v. Berry,* 188 Ind. 514, 121 N.E. 655, 32 A.L.R. 1171 (1919).

Prosser has made the following comments on the issue:

A substantial number of courts, however, have dealt with some such cases by instructing the jury in terms of a higher, or the highest, "degree" of care, as for example in the case of the common carrier. They thus purport to recognize a

higher or lower basic standard of conduct for different defendants, or different situations. There is seldom reason to think that they mean to say anything more than that greater or less care will be required under the circumstances. Technically the "high degree" instruction is incorrect, ....

W. Prosser, *Law of Torts* § 34 at 181 (4th Ed.1971); *see also Restatement (Second) of Torts* § 314 (1965).

■ Finally, we also reject plaintiff's argument that it was error not to give her requested Instruction Number 9. We find no support in the evidence for the giving of the instruction. There is no evidence that Meyer failed to do what he ordinarily did. Meyer testified that it was normal for the passengers to wait until he got back to the bus to descend the stairs. Plaintiff admitted on cross-examination that she came down the stairs because Arlt, who proceed-ed her off the bus, said, "Are you ready?" and appellant said, "Yeah." Thus, under any reasonable view of the evidence, Meyer did not abandon any assumed duty to put the step in place. Moreover, even if supported by the evidence, the instruction only requires the carrier to perform in a reasonably careful manner. This duty was already stated in the given instructions and did not require repeating.

For the aforementioned reasons, we affirm the judgment.

CORCORAN, P.J., and OGG, J., concur.